COMMONWEALTH *vs*. ADAM C. NEIMAN.

Middlesex.  November 5, 1985. — February 13, 1986.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Statute,* Construction. *Due Process of Law,* Vagueness of statute. *Controlled Substances.*

The unlettered fourth paragraph of G. L. c. 94C, § 32A, which, with subsection (*c*) of that section, was inserted by St. 1981, c. 522, applied only to prosecutions under subsection (*c*) and thus did not have the effect of rendering unconstitutionally vague the preexisting language of § 32A (*a*) prescribing punishment for a defendant convicted of possessing cocaine with intent to distribute it. [756-759]

INDICTMENT found and returned in the Superior Court Department on February 17, 1983.

A motion to dismiss was heard by *Robert A. Mulligan, J.,* and the case was tried before *Elbert Tuttle,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Jeanne Baker (Gail S. Strassfeld & Thomas Heffernon* with her) for the defendant.

*Margot Botsford,* Assistant District Attorney, for the Commonwealth.

ABRAMS, J. The defendant, Adam C. Neiman, appeals from the denial of his motion to dismiss the indictment charging him with possession of cocaine with intent to distribute in violation of G. L. c. 94C, § 32A (*a*), as appearing in St. 1980, c. 436, § 4, as amended by St. 1981, c. 522. The single issue raised on appeal is the construction of that statute. We affirm the judge's denial of the motion to dismiss.

In February, 1983, a Middlesex County grand jury returned four indictments against the defendant charging him with cocaine "trafficking," possession of cocaine with intent to distribute, assault and battery on a police officer, and possession

of marihuana. The defendant moved to dismiss the two indictments involving cocaine on the grounds that the penalty provisions in G. L. c. 94C, § 32A (*a*) and § 32E (*b*) (1) (the trafficking statute) are facially inconsistent and unconstitutionally vague and ambiguous. After a hearing on October 5, 1983, the judge granted the motion as to the trafficking indictment and denied the motion as to the indictment involving possession with intent to distribute. Subsequently, after a jury trial, the defendant was acquitted on the assault and battery and possession of marihuana charges and found guilty of possession of cocaine with intent to distribute. He was sentenced to two and one-half years at a house of correction, six months to be served and the balance to be suspended for three years. Pending appeal, the sentence was stayed by a single justice of the Appeals Court. The case was transferred to this court on our own motion.

General Laws c. 94C, § 32A, as appearing in St. 1980, c. 436, § 4, as amended by St. 1981, c. 522,[1] contains four paragraphs, the first three lettered (*a*), (*b*), and (*c*). The fourth paragraph is unlettered. Subsection (*a*) provides: "Any person who knowingly or intentionally manufactures, distributes, dispenses, or possesses with intent to manufacture, distribute or dispense a controlled substance in Class B of section thirty-one shall be punished by imprisonment in the state prison for not less than one, not more than ten years, or by a fine of not less than $1,000 and not more than $10,000, or both." Subsection (*b*) provides for a mandatory minimum three-year prison sentence for a repeat offender.[2] Subsection (*c*) provides for a mandatory minimum one-year prison sentence for a person convicted of distribution or possession with intent to distribute

---

[1] This is the statute under which the defendant was indicted. In 1982 the Legislature amended the statute. See St. 1982, c. 650, § 7.

[2] General Laws c. 94C, § 32A (*b*), as appearing in St. 1980, c. 436, § 4, provides in pertinent part: "A person convicted of violating this section after one or more prior convictions of this offense . . . shall, upon conviction of a violation of said section, be punished by a mandatory minimum term of imprisonment in the state prison for three years. A fine of not less than $2,500 and not more than $25,000 may also be imposed, but not in lieu of the mandatory term of imprisonment, as authorized herein."

the drug phencyclidine.[3] The fourth, unlettered paragraph provides in pertinent part: "A person convicted of violating the provisions of this section shall not be eligible for probation, parole, furlough or work release . . . ."

The defendant argues that the last paragraph cannot be severed from the remaining statutory subsections of § 32A because they are in extricably intertwined.[4] He concludes that for us to apply § 32A (*a*) without the unlettered paragraph would be judicial lawmaking. See *Commonwealth* v. *Bongarzone,* 390 Mass. 326, 336 (1983). The Commonwealth argues that the last paragraph applies only to subsection (*c*), and therefore is not inconsistent with subsection (*a*). We agree with the Commonwealth.

"When the meaning of any particular section or clause of a statute is questioned, it is proper, no doubt, to look into the other parts of the statute; otherwise the different sections of the same statute might be so construed as to be repugnant, and the intention of the legislature might be defeated. And if, upon examination the general meaning and object of the statute should be found inconsistent with the literal import of any particular clause or section, such clause or section must, if possible, be construed according to the spirit of the act." *Hol-*

---

[3] General Laws c. 94C, § 32A (*c*), as amended by St. 1981, c. 522, provides: "A prosecution commenced for the distribution or possession with intent to distribute phencyclidine shall not be placed on file, or continued without a finding, and the sentence imposed upon a person convicted of distribution or possession with intent to distribute phencyclidine shall not be reduced to less than one year nor shall any sentence of imprisonment imposed upon any person be suspended or reduced until such person shall have served one year of such sentence."

[4] The defendant asserts that the juxtaposition of this final, unlettered paragraph with subsection (*a*) renders the penalty provisions of subsection (*a*) unconstitutionally vague and ambiguous under the principles of *Commonwealth* v. *Gagnon,* 387 Mass. 567 (1982). The defendant does not contest that unlike the section under consideration in *Gagnon,* § 32A (*a*) is facially valid. Thus, requiring the unlettered paragraph be read with § 32A (*a*) creates a constitutional problem that does not otherwise exist. We indulge every rational presumption in favor of a statute's constitutionality. *Commonwealth* v. *Lammi,* 386 Mass. 299, 301 (1982).

*brook* v. *Holbrook,* 1 Pick. 248, 250 (1823). We look, there-fore, to the entire statute to determine whether the unlettered paragraph applies to G. L. c. 94C, § 32A, in its entirety or just to G. L. c. 94C, § 32A (*c*).

The defendant asserts that the use of the words "this section" in the unlettered paragraph requires that it be applied to § 32A in its entirety. The defendant reaches this result by rigidly applying the principle of statutory construction that "in the absence of a plain contrary indication, a word used in one part of a statute in a definite sense should be given the same meaning in another part of the same statute." *Plymouth County Nuclear Information Comm., Inc.* v. *Energy Facilities Siting Council,* 374 Mass. 236, 240 (1978). *Beeler* v. *Downey,* 387 Mass. 609, 617 (1982). The Commonwealth, while acknowledging this general principle, argues that a reading of G. L. c. 94C as a whole as well as the legislative history of § 32A, as amended by St. 1981, c. 522, supplies the "plain contrary indication" to the usual rule.

The Commonwealth correctly argues that a "literal construc-tion [should] not be adopted when that construction would be inconsistent with other material provisions of the statute and would defeat the aim and object of the legislation." *Common-wealth* v. *Adams,* 389 Mass. 265, 273 (1983), quoting *Lexington* v. *Bedford,* 378 Mass. 562, 570 (1979). *Common-wealth* v. *Galvin,* 388 Mass. 326, 328 (1983). Cf. *Beeler* v. *Downey, supra* at 617.

Reading G. L. c. 94C, § 32H, with § 32A, indicates that the Legislature did not intend subsection (*c*) and the unlettered paragraph to apply to § 32A in its entirety. Section 32H con-tains provisions for probation and parole noneligibility for pros-ecutions commenced under certain enumerated sections in-cluding § 32A (*b*), the repeat offender section. The provisions are substantially similar to those set forth in paragraph (*c*) and the unlettered paragraph.[5] If the phrase "this section" in the

---

[5] General Laws c. 94C, § 32H, as appearing in St. 1980, c. 436, § 4, provides in relevant part: "*Section 32H.* A prosecution commenced under sections 32(*b*), 32A(*b*), 32B(*b*), 32D, 32E, or 32F shall not be placed on

unlettered paragraph were to apply to § 32A in its entirety, then the provisions of § 32H, as they apply to § 32A (*b*), would be superfluous. "[W]herever possible, no provision of a legislative enactment should be treated as superfluous." *Simon v. State Examiners of Electricians,* 395 Mass. 238, 244 (1985), quoting *Casa Loma, Inc.* v. *Alcoholic Beverages Control Comm'n,* 377 Mass. 231, 234 (1979). Only by construing the unlettered paragraph to apply to § 32A (*c*) alone do we give effect to all of the words of the statute. "An intention to enact a barren and ineffective provision is not lightly to be imputed to the Legislature." *Insurance Rating Bd.* v. *Commissioner of Ins.,* 356 Mass. 184, 189 (1969).

Legislative history also supports our conclusion that the unlettered paragraph applies only to subsection (*c*). General Laws c. 94C, § 32A, was enacted as part of a major revision of the Controlled Substances Act, St. 1980, c. 436. Originally it consisted of two subsections (*a*) and (*b*). A separate bill, 1980 House Doc. No. 6750, proposing a separate section (§ 12A) punishing possession of phencyclidine with intent to distribute, did not pass. That bill contained two unlettered paragraphs which were nearly identical to the present subsection (*c*) and the unlettered paragraph. The following year, the two paragraphs were proposed as a new section, § 32I . In the third reading, the House Committee on Bills changed the proposed placement of the two paragraphs from proposed § 32I to subsection (*c*) and the last paragraph of § 32A. The paragraphs were enacted together as St. 1981, c. 522. "[W]here two or more statutes relate to the same subject matter, they should be construed together so as to constitute an harmonious whole consistent with the legislative purpose." *Commonwealth* v. *Graham,* 388 Mass. 115, 119-120 (1983), quoting *Registrar of Motor*

---

file or continued without a finding, nor shall any sentence of imprisonment imposed upon any person pursuant to said sections be suspended, reduced, or a term of probation served until the defendant shall have served the mandatory term of imprisonment as authorized in said sections.

"A person convicted of violating the provisions of said sections shall not be eligible for parole, furlough, or work release . . . ."

*Vehicles* v. *Board of Appeal on Motor Vehicle Liab. Policies & Bonds,* 382 Mass. 580, 585 (1981).[6]

In any event, even if we were to hold § 32A (*a*) invalid if read with the unlettered paragraph, that holding would not "dispose of the indictment[] entirely." *Commonwealth* v. *Bongarzone,* 390 Mass. 326, 336 (1983). Because the unlettered paragraph merely enhances the penalty for violation of § 32A (*a*), the defendant could be resentenced under the lesser offense of possessing a Class B controlled substance. *Id. Commonwealth* v. *Marrone,* 387 Mass. 702, 707 (1982). Thus, it would have been error for the judge to allow the motion to dismiss.[7]

*Judgment affirmed.*

.

---

[6] The act was entitled "An Act relative to the distribution or possession with intent to distribute phencyclidine." St. 1981, c. 522. The title clearly indicates that the two paragraphs relate solely to distribution of the drug phencyclidine. "[T]he words of the statute must be considered with this purpose in mind." *Commonwealth* v. *Lightfoot,* 391 Mass. 718, 721 (1984).

[7] The defendant asserts that we may not sever the unlettered paragraph because it is intertwined with the entire § 32A and because severance would not solve the constitutional problem but avoid it. Because we conclude that the unlettered paragraph applies only to § 32A (*c*), there is no reason to discuss this argument.