COMMONWEALTH *vs*. KEVIN G. YOUNG.

Franklin. April 8, 1986. — May 22, 1986.

Present: GREANEY, C.J., ARMSTRONG, & SMITH, JJ.

*Evidence,* Prior conviction, Juvenile delinquency. *Error,* Harmless. *Words,*
   "Conviction."

At the trial of a criminal case during which the credibility of the defendant
   was a significant factor, there was reversible error in permitting the
   defendant's credibility to be impeached by a prior disposition of an
   unarmed robbery charge which had been initiated in delinquency proceed-
   ings when the defendant was a sixteen year old juvenile and transferred
   to the Superior Court pursuant to G. L. c. 119, § 61, where the certified
   copy of the indictment presented by the prosecution for impeachment
   indicated that the defendant had offered a plea of guilty in the Superior
   Court, but that the judge in that proceeding had exercised his discretion
   pursuant to G. L. c. 119, § 83, to adjudicate the defendant as a delinquent
   child in lieu of a judgment of conviction. [239-242]

INDICTMENT found and returned in the Superior Court De-
partment on September 21, 1984.

The case was tried before *Raymond R. Cross,* J.

*Jack D. Curtiss* for the defendant.

*Charles K. Stephenson,* Assistant District Attorney, for the
Commonwealth.

GREANEY, C.J. On an indictment charging aggravated rape,
a jury in the Superior Court convicted the defendant of rape.
He was sentenced to a term of imprisonment at M.C.I., Cedar
Junction. In this appeal from the judgment of conviction and
the denial of his motion for a new trial,[1] the defendant argues
that the trial judge erred in allowing him to be impeached by
a prior disposition of an unarmed robbery charge in the Superior
Court, which the prosecutor characterized as a prior conviction.

---

[1] The defendant has not appealed from a second conviction of possession
of marihuana.

1. Before the defendant took the witness stand, the defendant's trial counsel moved, by means of a motion in limine, for a ruling on the prosecutor's intention to impeach the defendant with the prior disposition in the Superior Court of an unarmed robbery charge.[2] That disposition occurred in 1979, when the defendant was a sixteen year old juvenile.[3] The juvenile complaint that initiated the unarmed robbery charge was transferred, pursuant to the provisions of G. L. c. 119, § 61, as appearing in St. 1975, c. 840, § 1, to the Superior Court, where it proceeded by way of an indictment. The certified copy of the indictment of the unarmed robbery charge presented to the judge by the prosecutor contained the following endorsement as to the disposition of the charge:

> "11-28-79: Retracted and pleads G., Committed to D.Y.S. secured treatment facility at Chelmsford."[4]

At the hearing on the motion in limine, the prosecutor argued that the endorsement reflected a plea of guilty by the defendant, which under the last sentence of G. L. c. 233, § 21, Second,[5]

---

[2] The prosecutor agreed not to press the defendant's impeachment by the disposition of a charge of assault with intent to commit rape that was concluded along with the unarmed robbery charge. The prosecutor conceded that impeachment by the assault charge would probably create reversible error because of its similarity to the aggravated rape charge being tried.

[3] The defendant was twenty-one years old at the time of trial.

[4] The docket of the Superior Court on the case reflects the same disposition.

[5] General Laws c. 233, § 21, as amended by St. 1950, c. 426, reads as follows:

> "The conviction of a witness of a crime may be shown to affect his credibility, except as follows:
>
> " . . . .
>
> "Second, The record of his conviction of a felony upon which no sentence was imposed or a sentence was imposed and the execution thereof suspended, or upon which a fine only was imposed, or a sentence to a reformatory prison, jail, or house or correction, shall not be shown for such purpose after ten years from the date of conviction, if no sentence was imposed, or from the date on which sentence on said conviction was imposed, whether the execution thereof was suspended or not, unless he has subsequently been convicted of a crime within ten years of the time of his testifying. For

constituted a conviction which could be used (subject to the exercise of the judge's discretion) to impeach the defendant's credibility when he took the witness stand. The defendant's counsel argued that the endorsement reflected disposition of the charge pursuant to the second sentence of G. L. c. 119, § 83,[6] and as such could not be used to impeach credibility. The judge rejected the argument made by the defendant's counsel, denied the motion in limine, and, over proper objection, allowed the impeachment sought by the prosecutor.

2. The transfer of the 1979 unarmed robbery charge from the juvenile session of a District Court to the Superior Court exposed the defendant, upon his conviction, to the possibility of sentencing as an adult, as provided for in the first sentence of G. L. c. 199, § 83, see note 6, *supra*. However, because the defendant was sixteen when the unarmed robbery charge was brought before the Superior Court, the judge who dealt with the merits of the charge possessed the authority, pursuant to the second sentence of G. L. c. 119, § 83, see note 6, *supra,* to dispose of it by means of the same disposition as could have been made by the juvenile session of the District Court where the charge originated. If the judge chose the latter

---

the purpose of this paragraph, a plea of guilty or a finding or verdict of guilty shall constitute a conviction within the meaning of this section."

[6] General Laws c. 119, § 83, as amended through St. 1978, c. 478, § 66, reads as follows:

"The indictment of any person bound over ·[under G. L. c. 119, § 61] shall be tried before the superior court in the same manner as any criminal proceeding, and upon conviction such person may be sentenced to such punishment as is provided by law for the offense, or placed on probation, with or without a suspended sentence for such period of time and under such conditions as the court may order. But, if such person has not attained his eighteenth birthday prior to a finding or plea of guilty, the superior court may, in its discretion, and in lieu of a judgment of conviction and sentence, adjudicate such person as a delinquent child, and make such disposition as may be made by a district court or a juvenile court under section fifty-eight; but no person adjudicated a delinquent child under the provisions of this section shall, after he has attained his eighteenth birthday, be committed to the department of youth services or continued on probation or under the jurisdiction of the court."

course, the resulting disposition could not thereafter be used for impeachment purposes because the second sentence of G. L. c. 119, § 83, makes clear that such a disposition is "in lieu of a judgment of conviction and sentence." The absence of a "judgment of conviction" removes the key foundation requirement for impeachment under G. L. c. 233, § 21, Second. See also G. L. c. 119, § 60.

The disposition of the 1979 unarmed robbery charge noted on the indictment could be considered ambiguous. On one hand, the words "[r]etracted and pleads G.," may signify the entry by the defendant of a guilty plea in the traditional sense. On the other hand, the disposition of the charge by the direct commitment of the defendant, who was then sixteen years old, to a treatment facility of the Department of Youth Services appears to be a disposition imposed under the second sentence of G. L. c. 119, § 83. Such a disposition would be in accordance with the provisions of the fourth paragraph of G. L. c. 119, § 58, as amended through St. 1973, c. 1073, § 15, which permits a Juvenile Court or a District Court to "commit [a] . . . delinquent child to the department of youth services." The absence of any indication in the disposition that the defendant's purported guilty plea on the unarmed robbery charge was accepted by the judge tends to confirm the conclusion that he declined to accept the plea. Additionally, the language committing the defendant to a facility of the Department of Youth Services bespeaks his adjudication as a delinquent child.[7] We conclude that this interpretation, which removes any doubt

---

[7] This conclusion is confirmed by the disposition, at the same time as the disposition of the unarmed robbery charge, of the assault, with intent to commit rape indictment. This indictment, and the corresponding docket, bear the following endorsement:

"11-28-79 . . . Retracted & pleads G. *Accepted.* Probation for 2 years . . . conditioned upon successful completion of treatment at Chelmsford D.Y.S. secured treatment facility" (emphasis added).

Reading the two dispositions together, it appears that the judge may have intended to treat the defendant as a juvenile on the unarmed robbery charge but to retain jurisdiction on the assault charge to punish the defendant under his accepted guilty plea as an adult for a violation of probation if he should fail to complete treatment at the D.Y.S. facility.

about the legality of the sentence imposed on the unarmed robbery charge,[8] appears to be the more plausible. The judge erred in allowing the defendant's impeachment by means of the disposition of the 1979 unarmed robbery charge.

3. The Commonwealth argues that the error was harmless beyond a reasonable doubt because of compelling evidence of the defendant's guilt. We should set aside the conviction unless we are "sure that the error did not influence the jury, or had but very slight effect." *Kotteakos* v. *United States,* 328 U.S. 750, 764 (1946). See *Commonwealth* v. *Gilday,* 382 Mass. 166, 178 (1980); *Commonwealth* v. *Peruzzi,* 15 Mass. App. Ct. 437, 445-446 (1983).

We have no such certainty here. The defendant admitted to having intercourse with the victim but testified that it was consensual. Although his testimony could have been viewed by the jury with skepticism, he would have been entitled to an acquittal had they found his testimony sufficient to create a reasonable doubt about the victim's credibility. "Credibility is for the jury, not for appellate courts. We will not substitute our view of a witness's credibility for that of the jury." *Commonwealth* v. *Ford,* 397 Mass. 298, 301-302 (1986). Moreover, impeachment of a defendant's credibility by means of his prior conviction of a violent crime is always subject to possible misconstruction by a jury, who might improperly consider the impeachment as substantive evidence of guilt, notwithstanding a limiting instruction. The potential risk of jury misuse could have been enhanced in this case by the judge's inclusion in his limiting instruction, given when the defendant was on the witness stand, of the history at early English law of impeachment by prior conviction. Further, the fact that the defendant was a sixteen year old juvenile when he was before the Superior Court on the unarmed robbery charge could have depicted him in the eyes of the jury as a youth who could not

---

[8] A question about the legality of the sentence could arise from the fact of the defendant's commitment to a youth services facility, a disposition reserved only for someone adjudicated a delinquent child, not for someone who has pleaded guilty.

Commonwealth *v.* Young.

be rehabilitated, further magnifying the risk that they might give improper effect to the prior disposition. "Because the decisive . . . issue at trial was witness credibility . . . we cannot say 'with fair assurance' that the improperly admitted evidence did not have a significant impact on the jury's decision." *Commonwealth* v. *Ford,* 397 Mass. at 302. As a consequence, a new trial is required.[9]

The judgment of conviction of rape is reversed, and the verdict is set aside.

*So ordered.*

---

[9] This disposition renders it unnecessary to consider the second issue raised on appeal concerning the substance of the limiting instruction given by the judge at the time the conviction was introduced.