402 Mass. 511                                                      511

District Attorney for the Northern District *v.* Lowell Division of the District Court Department.

DISTRICT ATTORNEY FOR THE NORTHERN DISTRICT *vs.*
LOWELL DIVISION OF THE DISTRICT COURT DEPARTMENT.

Suffolk.  February 3, 1988. — June 8, 1988.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & O'CONNOR, JJ.

*Delinquent Child. Jurisdiction,* Delinquent child. *District Court,* Jurisdiction. *Superior Court,* Jurisdiction. *Practice, Criminal,* Binding over for trial. *Statute,* Construction.

When a juvenile, charged with offenses over which the District Court has final jurisdiction, has been transferred for trial as an adult, the District Court judge has discretion under G. L. c. 119, § 61, and G. L. c. 218, § 30, to retain jurisdiction for trial in the District Court or to bind the matter over to the Superior Court. [513-516]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on June 1, 1987.

The case was heard by *Nolan,* J.

*J.W. Carney, Jr.,* Assistant District Attorney, for the plaintiff.

*Marc C. Laredo,* Assistant Attorney General, for the defendant.

ABRAMS, J. In an appeal from the denial of relief pursuant to G. L. c. 211, § 3, the district attorney asks that we reconsider our decision in *A Juvenile, petitioner,* 364 Mass. 531, 534-536 (1974). The district attorney asserts that St. 1975, c. 840, § 2A (G. L. c. 119, § 61),[1] repealing St. 1964, c. 308, § 7 (G. L.

---

[1] The district attorney bases his argument on the fourth paragraph of G. L. c. 119, § 61, which provides as follows: "If the [district] court orders that the delinquency complaint against a child be dismissed it shall cause to be issued a criminal complaint. The case shall thereafter proceed according to the usual course of criminal proceedings and in accordance with the provisions of section thirty of chapter two hundred and eighteen and section eighteen of chapter two hundred and seventy-eight. When such a complaint is issued, section 68 shall apply to any person committed under this section for failure to recognize pending final disposition in the superior court."

c. 119, former § 75),[2] requires the conclusion that a District Court judge has discretion to retain jurisdiction over a juvenile transferred for trial as an adult, and that the District Court judge may exercise that discretion to order a trial of the transferred juvenile in the District Court or may decline jurisdiction and bind the matter over to the Superior Court. We agree.

This appeal arises out of deliquency complaints entered in the juvenile session of the Lowell District Court in August, 1986. The complaints allege breaking and entering a dwelling in the daytime with intent to commit a felony, possession of burglarious tools, wanton destruction of property, and public drinking of an alcoholic beverage. All the offenses are within the final jurisdiction of the District Court.

The Commonwealth moved for a hearing under G. L. c. 119, § 61, to determine whether the juvenile, who was sixteen years old, should be tried as an adult. After hearing, the juvenile session judge made the requisite findings, and ordered that the delinquency complaints be dismissed and that criminal complaints issue against the juvenile in the District Court.

In February, 1987, the juvenile was arraigned in the criminal session of the District Court on the new complaints. The Commonwealth filed a motion requesting the District Court to retain final jurisdiction over the case. The juvenile joined in the motion. After hearing, the judge in the criminal session denied the motion. The judge concluded "that under the existing statu-

---

[2] General Laws c. 119, former § 75, as appearing in St. 1964, c. 308, § 7, read as follows: "If, under section sixty-one or seventy-two A, the court orders that a delinquency complaint against a person be dismissed, the court shall forthwith cause a criminal complaint to be issued against such person for the alleged offense or violation, cause such complaint to be subscribed by the complainant, and examine on oath the complainant and the witnesses produced by him; and, if the person appears to be guilty of the offense or violation, *the court shall commit him or bind him over for trial in the superior court* according to the usual course of criminal proceedings. Section thirty of chapter two hundred and eighteen shall apply to any such case, and section sixty-eight of this chapter shall apply to any person committed under this section for failure to recognize, pending a determination by the court that he appears to be guilty and pending final disposition in the superior court" (emphasis added). See *A Juvenile, petitioner*, 364 Mass. 531, 534 n.4 (1974).

tory framework . . . this court lacks jurisdiction and the author-
ity to retain jurisdiction, proper jurisdiction lying in the
Superior Court."

The district attorney commenced an action for relief before
the single justice of this court pursuant to G. L. c. 211, § 3,
and requested an order directing the District Court judge to
exercise discretion whether to retain jurisdiction over the com-
plaints. Relying on *A Juvenile, petitioner,* 364 Mass. 531
(1974), the single justice denied relief. The district attorney
appeals.[3]

In *A Juvenile, petitioner, supra* at 534-535, we interpreted
G. L. c. 119, § 75, repealed, the predecessor statute to § 61,
to preclude jurisdiction in the District Court over juveniles
who are tried as adults, and to require that such matters be
bound over to the Superior Court. In interpreting former § 75,
we focused on that statute's express requirement that, where
a juvenile is tried as an adult, the District Court judge *"shall
commit . . . or bind . . .* [the defendant] *over for trial in the
superior court . . ."* (emphasis supplied). See note 2, *supra.*
Based on that explicit provision, we concluded that the District
Court lacked jurisdiction over juveniles transferred for trial as
adults. *A Juvenile, petitioner, supra.*

In the year after our decision in *A Juvenile, petitioner,* the
Legislature substantially altered the statutory framework gov-
erning transfer of juveniles for trial as adults. The most basic
change the Legislature made was to repeal § 75, and enact a
new transfer statute in the fourth paragraph of § 61. In enacting
this new transfer statute, the Legislature struck the requirement
"for trial in the superior court." We must assume that the

---

[3] Relief pursuant to G. L. c. 211, § 3, is appropriate, because "we have
a question of proper transfer practice, involving the working relation between
two departments of the Trial Court. This calls peculiarly for supervision
and settlement by us, and should not await some fortuitous opportunity of
report or ordinary appeal." *A Juvenile* v. *Commonwealth (No. 1),* 380 Mass.
552, 556 (1980). We also note that the issue presented in this appeal is
unlikely to reach an appellate court in the normal course of review of
convictions for criminal offenses. The Attorney General, who represents
the District Court in this matter, does not contest the appropriateness of
our invoking jurisdiction pursuant to G. L. c. 211, § 3.

Legislature knew of our 1974 decision in *A Juvenile* when it enacted the new transfer statute in 1975. See *MacQuarrie* v. *Balch*, 362 Mass. 151, 152 (1972); *Crown Shade & Screen Co.* v. *Karlburg*, 332 Mass. 229, 231 (1955); *Gar Wood Indus. Inc.* v. *Colonial Homes, Inc.*, 305 Mass. 41, 47 (1940). If the Legislature did not intend the new statute to alter the status quo, it would have left intact the provision for "trial in the superior court." See *Andover Sav. Bank* v. *Commissioner of Revenue*, 387 Mass. 229, 240-241 (1982), and cases cited.

In addition, the Legislature added into the new transfer statute an explicit provision making G. L. c. 278, § 18, applicable to transferred cases. General Laws c. 278, § 18, provides for appeals to the jury-of-six session after bench trial in the District Court. This reference to G. L. c. 278, § 18, would be meaningless if transferred juveniles could not be tried as adults in the District Court. "An intention to enact a barren and ineffective provision is not lightly to be imputed to the Legislature." *Commonwealth* v. *Neiman*, 396 Mass. 754, 758 (1986), quoting *Insurance Rating Bd.* v. *Commissioner of Ins.*, 356 Mass. 184, 189 (1969).

Our determination that the changes made by the Legislature indicate an intent to permit jurisdiction over transferred juveniles in the District Court is supported by the reference in § 61 to G. L. c. 218, § 30. Section 30 of c. 218 grants the District Court discretion to retain jurisdiction or bind over to the Superior Court criminal matters in the courts' concurrent jurisdiction.[4] Thus, we conclude that § 61 evinces an intent to give District Court judges discretion to retain jurisdiction, in

---

[4] We are not troubled by the fact that G. L. c. 119, § 83, purports to grant only to the Superior Court the power to adjudicate a juvenile a delinquent following trial as an adult. If read literally, § 83 would apply only to cases transferred under repealed § 75. Thus, it is clear that the Legislature did not amend § 83 to conform to the changes made in § 61. Since the purpose of § 83 clearly is to allow flexibility in sentencing of juveniles tried as adults, we conclude that the Legislature would intend for the same provision to apply to trials in the District Court. We also are untroubled by the absence of an express provision in § 61 for transfer to the District Court for trial as an adult; the mechanism for initiating such trials is provided implicitly by the reference in § 61 to G. L. c. 218, § 30.

402 Mass. 511                                                                515

District Attorney for the Northern District *v.* Lowell Division of the District Court Department.

appropriate cases, over juveniles who are transferred to the regular criminal sessions.

In construing § 61 as we do, we are cognizant of the provision in that statute making G. L. c. 119, § 68, applicable "pending final disposition in the superior court." The same provision appeared in former § 75. The Attorney General asserts that the presence in § 61 of this single reference to "final disposition in the superior court," indicates a legislative intent to retain § 75's bind-over requirement. We disagree.

If a contradiction appears in the statute, "[i]t is our duty to interpret the statute, if possible, so 'as to make it an effectual piece of legislation in harmony with common sense and sound reason.'" *Atlas Distrib. Co.* v. *Alcoholic Beverages Control Comm'n*, 354 Mass. 408, 414 (1968), quoting *Morrison* v. *Selectmen of Weymouth*, 279 Mass. 486, 492 (1932). See *Massachusetts Comm'n Against Discrimination* v. *Liberty Mut. Ins. Co.*, 371 Mass. 186, 190 (1976). See also *Holbrook* v. *Holbrook*, 1 Pick. 248, 250 (1823). Looking to the entire statutory framework to determine the legislative intent, see *Negron* v. *Gordon*, 373 Mass. 199, 201-202 (1977), we conclude that the reference to § 68 does not negate the basic intent, evidenced in § 61 as a whole, to permit jurisdiction in the District Court over transferred juveniles to the same extent as in all other criminal prosecutions. At most, the problematic reference creates a minor inconsistency in the statute which we are called on to construe as harmoniously as possible with the legislative purpose. See *Mailhot* v. *Travelers Ins. Co.*, 375 Mass. 342, 345 (1978). We think the proper reading of the reference to § 68 is that it applies to all juveniles transferred for trial as adults, regardless whether they are tried in the District Court or the Superior Court.

We hold that District Court judges have discretion under G. L. c. 119, § 61, and G. L. c. 218, § 30, to determine whether to retain jurisdiction over juveniles transferred for trial as adults in cases over which the District Court has jurisdiction or to bind such matters over to the Superior Court. The judge in the Lowell District Court therefore must determine whether to retain jurisdiction over the criminal complaints now pending

against the defendant or bind those matters over to the Superior Court.[5] The order of the single justice is vacated and the case is remanded to the county court for entry of a judgment consistent with this opinion.

*So ordered.*

[5] Many of the same factors involved in the transfer hearing under § 61 also are factors which must be considered in the determination of the court in which an adult offender should be tried. Therefore, the judge who orders a juvenile transferred for trial as an adult ordinarily should determine at the transfer hearing whether to order trial in the District Court or to bind the matter over to the Superior Court.