## COMMONWEALTH *vs.* ANTHONY SHEA.

No. 97-P-2023.

Suffolk. October 13, 1998. - January 21, 1999.

Present: WARNER, C.J., GILLERMAN, & GREENBERG, JJ.

*Delinquent Child. Practice, Criminal,* Plea, Sentence, Transcript of hearing. *Statute,* Construction.

A Superior Court judge properly sentenced a seventeen year old juvenile, on accepting his pleas of guilty, to the custody of the Department of Youth Services on one indictment after a finding of delinquency, and to five years' adult probation on the other indictment after a finding of guilty; and nothing in G. L. c. 119, § 83, prohibited the judge's exercise of discretion to enter such sentences. [197-200]

A transcript of a 1980 plea hearing provided to the Commonwealth by a third party was properly referenced by the Commonwealth, in the absence of an official transcript, in a 1996 proceeding brought by the defendant attacking the validity of the plea. [200-201]

INDICTMENTS found and returned in the Superior Court Department on May 9, 1980.

A motion to withdraw guilty pleas and for a new trial was heard by *Suzanne DelVecchio,* J.

*William Matthew Iler, Jr.,* Assistant District Attorney, for the Commonwealth.

*David H. Mirsky* for the defendant.

WARNER, C.J. On December 19, 1980, the defendant, then seventeen years old, pleaded guilty in Superior Court to charges of assault with intent to murder and armed robbery. For the armed robbery, he was sentenced to five years' adult probation, while for the assault with intent to murder, he was found delinquent and sentenced to the custody of the Department of Youth Services (DYS).

On July 2, 1996, the defendant filed a motion to withdraw his guilty plea, alleging that had he known that his guilty plea on

the armed robbery would result in an adult conviction, he would not have so pleaded.[1]

On November 14, 1996, the motion judge granted a new trial, but on grounds different from those which the defendant raised. Rather than finding that the defendant's plea was not made with knowledge of the consequences, the motion judge instead ruled that the sentences handed down at the plea hearing, consisting of an adult conviction on the armed robbery charge, and a juvenile adjudication on the assault with intent to murder charge, were inconsistent, and thus illegal under G. L. c. 119, § 83, as amended through St. 1978, c. 478, § 66.[2] The Commonwealth appealed to this court.

1. *Illegality of sentence.* We begin with the proposition that "[a] judge has considerable latitude within the framework of the applicable statute to determine the appropriate individualized sentence." *Commonwealth* v. *Goodwin,* 414 Mass. 88, 92 (1993). See *Commonwealth* v. *Power,* 420 Mass. 410, 413 (1995), cert. denied, 516 U.S. 1042 (1996). Thus, we must determine whether the sentence handed down was permissible under G. L. c. 119, § 83.

It is a well-settled principle of statutory interpretation that "none of the words of a statute is to be regarded as superfluous, but each is to be given its ordinary meaning without overemphasizing its effect upon the other terms appearing in the statute, so that the enactment considered as a whole shall constitute a consistent and harmonious statutory provision capable of effectuating the presumed intention of the Legislature." *Commonwealth* v. *Woods Hole, Martha's Vineyard & Nantucket S.S. Authy.,* 352 Mass. 617, 618 (1967), quoting from *Bolster* v. *Commissioner of Corps. & Taxn.,* 319 Mass. 81, 84-85 (1946). "We commence our analysis, appropriately, with the plain language of the statute." *Dartt* v. *Browning-Ferris Indus., Inc. (Mass.),* 427 Mass. 1, 8 (1998).

There are two clauses from the statute which are implicated by the result reached by the sentencing judge. First, the statute states that "if such person has not attained his eighteenth

---

[1]The defendant also raised an ineffective assistance of counsel claim, stating that his attorney was ineffective for not informing him of the likely consequences of his guilty plea. In light of our decision, we need not reach this claim. But see note 4, *infra.*

[2]On July 27, 1996, the Legislature repealed G. L. c. 119, § 83. See St. 1996, c. 200, § 16.

birthday prior to a finding or plea of guilty, the superior court may, in its discretion, and in lieu of a judgment of conviction and sentence, adjudicate such person as a delinquent child." G. L. c. 119, § 83. The defendant argues, and the motion judge found, that a finding of delinquency utterly forecloses any additional finding of guilt as an adult.

However, the statute states that a finding of delinquency is to be made "in lieu of a judgment of conviction." Thus, the statute prohibits a finding of both guilt and delinquency on the *same* charge. It simply does not address separate and distinct charges.

The second disputed clause of the statute reads, "no person adjudicated a delinquent child under the provisions of this section shall, after he has attained his eighteenth birthday, be . . . continued on probation or under the jurisdiction of the court." G. L. c. 119, § 83. The motion judge found that since the defendant was sentenced when he was seventeen years old to five years' probation, this period of probation would continue in effect until well after his eighteenth birthday, in violation of the statute. However, the defendant was not adjudicated delinquent on the charge for which he was given probation. He was found guilty as an adult, a finding for which five years' probation is a permissible sentence, notwithstanding the defendant's age at the time of sentencing.

Thus, since neither clause of the statute addresses varying sentences for separate and distinct crimes, the result reached by the sentencing judge is not clearly prohibited. See *Commonwealth* v. *Cowan*, 422 Mass. 546, 548 (1996) (illegal sentence is "one that is not permitted by law for the *offense committed*") (emphasis supplied). At the same time, the statute does not explicitly sanction such a result. Since neither party is able to cite to any case that clarifies the issue,[3] we will consider the statute in light of its purpose and intent. *Commonwealth* v.

---

[3]Both parties cite to *Commonwealth* v. *Young*, 22 Mass. App. Ct. 237 (1986). The Commonwealth suggests that in *Young*, this court noted "approvingly" a disposition similar to that which occurred here. However, we merely stated, "it appears that the judge may have intended to treat the defendant as a juvenile on the unarmed robbery charge but to retain jurisdiction on the assault charge to punish the defendant . . . as an adult." *Young*, 22 Mass. App. Ct. at 240 n.7. There was no "approving" language. At the same time, the defendant contends that *Young* questioned the legality of such a sentence, when the court stated, "[a] question about the legality of the sentence could arise from the fact of the defendant's commitment to a youth services facility, a disposition reserved only for someone adjudicated a delinquent child, not for

*Cowan,* 422 Mass. at 549. *McNeil* v. *Commissioner of Correction,* 417 Mass. 818, 821-822 (1994). Central to the resolution of this issue is the question whether the statute contemplates an adjudication of a *person* (thereby implying that all charges must be disposed of as either adult or juvenile offenses), or whether it refers to adjudication of each individual charge.

"[T]he purpose of § 83 clearly is to allow flexibility in sentencing of juveniles tried as adults." *District Attorney for the N. Dist.* v. *Lowell Div. of the Dist. Ct. Dept.,* 402 Mass. 511, 514 n.4 (1988). See *Breed* v. *Jones,* 421 U.S. 519, 535 (1975) ("transfer provisions represent an attempt to impart to the juvenile-court system the flexibility needed to deal with youthful offenders who cannot benefit from the specialized guidance and treatment contemplated by the [juvenile] system"). Certainly, a "charge by charge" reading allows this greater flexibility in sentencing.

Noteworthy is the fact that by the time § 83 comes into play, the juvenile offender has already been bound over to Superior Court, thus implicating the criminal system and its goals of retribution and deterrence. See *Commonwealth* v. *Goodwin,* 414 Mass. at 92. Section 83 gives a judge the ability to fashion a sentence which addresses both the goals of the criminal system and the "central concern" of the juvenile system, i.e., whether the offender "is a likely candidate for rehabilitation." *Commonwealth* v. *King,* 17 Mass. App. Ct. 602, 604-605 (1984). *A Juvenile* v. *Commonwealth (No. 1),* 380 Mass. 552, 561 (1980) (referring to "the crucial question of rehabilitation").

This flexibility was utilized by the sentencing judge in the present case, who was careful to fashion a disposition which balanced both punitive and rehabilitative goals. The judge specifically noted that the case involved a "very serious felonious act." Additionally, the judge, in accepting the defendant's adult guilty plea on the armed robbery charge, informed the defendant that "based on the five-year probation period, it means that adult probation will be overseeing this case; and, if

someone who has pleaded guilty." *Id.* at 241 n.8. However, when read in context, this passage is intended only to shed light on the crucial question in *Young*: whether the defendant had pleaded guilty as an adult to the unarmed robbery charge (thus permitting the conviction to be used for impeachment in a subsequent prosecution) or whether the unarmed robbery charge was disposed of through juvenile adjudication. Although the court did vaguely question the legality of a potentially inconsistent sentence, this query was pure dicta, relegated to a brief footnote.

further difficulty ensues either while you are in the DYS or ensues thereafter, if you are released from confinement, the Court retains the right to surrender you on that adult probation." Thus, the judge utilized both the juvenile statute and the adult criminal law to fashion a sentence which would ensure that the defendant received treatment and supervision, but which allowed the court to retain jurisdiction over the defendant for a significant period of time. See *Commonwealth* v. *Goodwin*, 414 Mass. at 92 (a "sentence should reflect the judge's careful assessment of several goals: punishment, deterrence, protection of the public, and rehabilitation").

Although it is arguable that there is some amorphous, conceptual inconsistency in a disposition where a defendant is adjudicated a juvenile on one charge, and found guilty as an adult on another, it must be emphasized that a judge's decision is a pragmatic determination of whether the offender is a likely candidate for rehabilitation. Nothing in G. L. c. 119 prohibits this vital flexibility. See *Commonwealth* v. *Power*, 420 Mass. at 413 (judges are permitted great latitude in sentencing as long as the sentence imposed is within the limits provided by the statute); *Commonwealth* v. *McGuinness*, 421 Mass. 472, 475 (1995) (same). Thus, the sentence was a proper exercise of the flexibility and discretion contemplated by both the juvenile statute and the adult criminal law.

2. *Additional issues.* The defendant objects to the Commonwealth's reference to a copy of the plea hearing transcript which was not obtained from currently maintained court files. Rather, the transcript was given to the Commonwealth by Michael Mayhan, a reporter for the Boston Phoenix newspaper, who in an affidavit states that he had obtained a copy of the transcript from the court for his coverage of the 1979 assault on which the defendant was charged in this case. The defendant argues that since the transcript was not obtained by the Commonwealth from the court, and since the motion judge made no mention of the transcript in her memorandum of decision, this court should not consider the transcript part of the record.

Assuming for the moment that the transcript should not be deemed part of the official record of the plea hearing, it is nonetheless a "statement of the evidence or proceedings from the best available means," pursuant to Mass.R.A.P. 8(c), as amended, 378 Mass. 933 (1979). See *Commonwealth* v. *Harris*, 376 Mass. 74, 79 (1978) ("[a]ll those with such relevant

evidence, but particularly the attorneys involved at the trial, are under an affirmative duty to use their best efforts to ensure that a sufficient reconstruction [of the record] is made if at all possible"); *Commonwealth* v. *Quinones*, 414 Mass. 423, 432 (1993) (where the record is unavailable, it may be reconstructed through testimony or other suitable proof). Further, where the record of trial can be sufficiently reconstructed, the reconstruction may be used as the basis of any appeal. *Commonwealth* v. *Harris*, 376 Mass. at 79. See *Commonwealth* v. *McWhinney*, 20 Mass. App. Ct. 444, 445-446 (1985).[4]

Finally, although neither party briefed the issue of the voluntariness of the defendant's guilty plea on appeal, we note that it is abundantly clear from the transcript that the defendant was fully aware that he was pleading guilty to an adult charge.[5] Since the defendant's plea was made knowingly and voluntarily, and the sentences imposed were permissible, there was no error, and the order allowing the defendant's motion for a new trial is reversed.

*So ordered.*

---

[4]Both *Harris* and rule 8(c) require some hearing in order to determine the accuracy of the reconstruction. No such hearing took place here, nor was one requested by the defendant. Nonetheless, the clarity of the transcript removes any concern we may have had about its validity as a statement of the proceedings below.

[5]The judge told the defendant, "Mr. Shea, it is my information that you are prepared to plead guilty to these indictments which charge adult offenses." The judge then told the defendant the maximum adult sentences, and stated, "[the] Court, if it accepts a plea of guilty from you on these charges, has the option of imposing either the sentences under the adult law as I have just stated them to you, up to and including any of those maximums . . . . [O]nce you have pleaded guilty to these adult offenses, the final disposition is in my hands and . . . if you are not happy with the disposition that I give to you in this case, you nevertheless will not be permitted to withdraw a plea of guilty." The defendant then pleaded guilty to both charges.