## COMMONWEALTH *vs.* MARCIA MCWHINNEY.

Middlesex.   June 6, 1985. — July 23, 1985.

Present: GREANEY, C.J., BROWN, & WARNER, JJ.

*Practice, Criminal,* New trial, Appeal, Transcript of evidence.

In the circumstances, a criminal defendant's claim of prosecutorial miscon-
   duct, which she alleged could not properly be presented on appeal because
   a substantial portion of the trial transcript was unavailable, constituted
   an articulable claim with reference to which the sufficiency of a recon-
   struction of the events at trial could be judged. [445-446]
A judge, in his discretion, could properly conclude that a new trial of a crimi-
   nal case was required by the fact that a substantial portion of the transcript,
   including approximately one half the testimony at trial and the prosecu-
   tor's opening statement, was unavailable for purposes of appeal, where
   the reconstruction of that portion of the transcript was insufficient to
   present the defendant's claim that the prosecutor had engaged in miscon-
   duct throughout the trial by emphasizing the defendant's sexual prefer-
   ence in an inflammatory manner calculated to appeal to the prejudices
   of the jury. [446-447]

INDICTMENT found and returned in the Superior Court De-
partment on February 3, 1983.

The case was tried before *James J. Nixon,* J., and a motion
for a new trial was heard by him.

*Charles J. Hely,* Special Assistant District Attorney, for the
Commonwealth.

*Gail S. Strassfeld (Jeanne Baker* with her) for the defendant.

WARNER, J.   The defendant was convicted by a Superior
Court jury of murder in the second degree and sentenced to
life imprisonment.[1] While her appeal from the conviction was
pending, her appellate counsel (who was not trial counsel)

---

[1] Two women were tried with the defendant as joint venturers. Both were
acquitted of murder; one was convicted of being an accessory after the fact
to murder.

learned that the voice recordings of a substantial portion of the trial had been stolen from the court reporter's car.[2] Thereupon the defendant filed a motion for a new trial, arguing that she could not properly present her appellate claims without a complete transcript of the trial proceedings. The prosecutor responded with a proposed reconstruction of the missing portions of the trial transcript. After a two-day hearing, the motion judge, who was also the trial judge, allowed the motion, ruling that the reconstruction was inadequate to present the defendant's appellate claims. The Commonwealth appeals.[3]

The motion for a new trial is directed to the sound discretion of the judge, see *Blaikie* v. *District Attorney for the Suffolk Dist.,* 375 Mass. 613, 618 (1978), informed by the teaching of *Commonwealth* v. *Harris,* 376 Mass. 74 (1978), and cases which followed. "We give special deference to the exercise of discretion where the judge ruling on the motion presided at the trial." *Commonwealth* v. *Salemme,* 11 Mass. App. Ct. 208, 221 (1981).

In *Harris,* the court held that "the fact that the transcript is unavailable through no fault of the parties does not warrant a new trial unless the trial proceedings cannot be reconstructed sufficiently to present the defendant's claims." *Id.* at 78. The court directed that where transcripts are unavailable "a hearing should be held . . . to attempt to reconstruct the proceedings sufficiently to present any claims of the defendant. At this hearing all evidence and testimony relevant to reconstructing the events at trial should be received. All those with such relevant evidence, but particularly the attorneys involved at the trial, are under an affirmative duty to use their best efforts to ensure that a sufficient reconstruction is made if at all possible." *Id.* at 79. The judge meticulously followed this procedure. We have emphasized what we considered "implicit" in the

---

[2] We repeat the admonition of the Supreme Judicial Court. "[W]e wish to emphasize that every precaution should be taken to safeguard stenographic notes [and tape recordings] and any transcription already made." *Commonwealth* v. *Harris,* 376 Mass. 74, 75 n.1 (1978).

[3] The Commonwealth's appellate counsel was not trial counsel.

*Harris* rule: "[A]t least where trial counsel is available . . . the defendant [must] come forward with articulable claims with reference to which the reconstruction can be judged." *Commonwealth* v. *Chatman,* 10 Mass. App. Ct. 228, 232 (1980). *Commonwealth* v. *Sheffield,* 16 Mass. App. Ct. 342, 349 (1983).[4]

The defendant alleged that the prosecutor engaged in misconduct during the trial by capitalizing on the defendant's lesbianism in an inflammatory manner calculated to appeal to the prejudices of the jury.[5] This misconduct was alleged to have occurred over the entire course of the trial, including during the opening statement, the examination of witnesses, and the closing argument. In support of this claim the defendant made reference to the verbatim transcript of the closing argument of the prosecutor in which the defendants' sexual preferences were commented on in terms which the defendant said would find no support in the evidence. She also pointed to newspaper clippings which report similar statements in the prosecutor's unreconstructed opening remarks, as well as to one arguably prejudicial comment which both parties agree the prosecutor made while questioning a witness. We conclude that the defendant's claim of prosecutorial misconduct constitutes an "articulable claim [ ] with reference to which the reconstruction [could] be judged." *Commonwealth* v. *Chatman, supra. Commonwealth* v. *Sheffield, supra.*[6]

In determining whether this claim could be adequately presented on appeal, the judge was faced with a gravely incomplete

---

[4] Nevertheless, once the defendant has come forward with an articulable claim, the Commonwealth then bears the burden of showing the sufficiency of the reconstruction. See *Meyer* v. *Chicago,* 404 U.S. 189, 195, 198-199 (1971).

[5] The Commonwealth's theory of the case was that the defendant murdered the victim to avenge the rape by the victim of a codefendant who, the Commonwealth alleged, was a former lover of the defendant. The defendant denied any such lesbian relationship. She admitted killing the victim but claimed she did so in self-defense.

[6] The defendant also presented claims of ineffective assistance of counsel and "unnoticed errors causing a substantial risk of a miscarriage of justice." It is unnecessary to decide whether these constitute "articulable claims."

record. Tapes of approximately one half of the testimony at the trial had been stolen, including the entire testimony of twelve witnesses and partial testimony of four witnesses. In addition, the opening remarks of both the prosecutor and defense counsel were unavailable. Using notes taken by the assistant prosecutor at the trial, the recollections of the prosecutor, assistant prosecutor, and chief investigator, police reports, probable cause hearing transcripts, and grand jury minutes, the prosecutor attempted to reconstruct the missing portions of the proceedings. The reconstruction was deficient in several ways. It was based in part on unreliable source materials such as grand jury minutes and probable cause transcripts. The sketchy notes of the assistant prosecutor constituted the only direct written source. In addition, the reconstruction was incomplete. It did not contain summaries of bench conferences, objections of counsel, the judge's rulings, most of the defendants' cross-examination, and, most significant, the prosecutor's opening statement. There was no attempt, nor practically could there have been, to reproduce the language of either the prosecutor or the witnesses.[7]

The nature and the articulation of the defendant's claim of prosecutorial misconduct make apparent that the claim might depend on innuendoes as well as direct statements. The judge could properly have concluded that a verbatim transcript of the missing portions of the proceedings was essential to the presentation of that claim. On our review of the record, and having in mind the judge's "intimacy with the evidence," see *Commonwealth* v. *Ellison,* 376 Mass. 1, 16 (1978), we conclude that there was no abuse of discretion in the allowance of the motion for a new trial.

> *Order allowing motion for new*
> *trial affirmed.*

---

[7] The judge found that "all those with relevant evidence, including the court and attorneys," used their best efforts to reconstruct the proceedings. See *Commonwealth* v. *Harris, supra* at 79. We see no basis in the record before us to disturb that finding.