COMMONWEALTH *vs.* EDMUND I. WATTS. June 25, 1986. *Practice, Criminal,* Appeal, Transcript of evidence, Required finding, Reopening of evidence. *Firearms.*

When it became apparent that the court reporter had disappeared and that his notes were indecipherable, counsel and the trial judge properly attempted to put together a reconstruction of the record sufficient to present on appeal the articulable claims of the defendant. *Commonwealth* v. *Harris,* 376 Mass. 74, 77 (1978). *Commonwealth* v. *McWhinney,* 20 Mass. App. Ct. 444, 445-446 (1985). One of those claims was that the judge had erred in denying the defendant's motion for a required finding of not guilty on the charge of unlawfully carrying a handgun, G. L. c. 269, § 10(*a*), the motion having been put on the specific ground that there had been no evidence adduced from which the jury could properly draw an inference beyond a reasonable doubt, *Commonwealth* v. *Latimore,* 378 Mass. 671, 677-678 (1979), that the length of the barrel of the alleged gun brought it within the definition in G. L. c. 140, § 121. It is agreed that witnesses testified that the defendant drew a gun from his coat (sometimes described as a black leather jacket), that his "right hand pulled" when he fired, and that the police recovered a .38 caliber jacketed bullet that inferentially came

---

from the defendant's gun. Unlike *Commonwealth* v. *Sperrazza,* 372 Mass. 667, 670 (1977), in which witnesses described the gun they saw as a "revolver" and a "handgun" and a ballistics expert testified concerning the significance of the absence of shell casings, there was here no expert ballistics testimony and the parties cannot agree whether any of the witnesses used a term indicative of a short gun. (At at least one point the judge's notes are said to have employed the word "handgun," but the record does not show that the notes were in reference to the testimony of a witness.) The gun itself was not recovered. Contrast *Commonwealth* v. *Jiminez, ante* 286, 295 (1986). While it seems more likely than not that a gun concealed under a coat would have a barrel less than sixteen inches, the burden of proof imposed on the Commonwealth in a criminal case requires something more. In retrospect it might have been prudent for the judge to suggest that the Commonwealth reopen its case to fill in the gap, if at the time of the motion for a required finding counsel or the judge were at all uncertain in their recollections of the testimony. (There were numerous eyewitnesses who had seen the gun and who presumably could have described it.) Compare *Commonwealth* v. *Cote,* 15 Mass. App. Ct. 229, 241-242 (1983); *Commonwealth* v. *Ierardi,* 17 Mass. App. Ct. 297, 303 (1983). This was not done, however; and it has proven impossible to reconstruct a record adequate to permit evaluation of the defendant's claim that the judge erred in denying the motion for a required finding of not guilty. In the circumstances we conclude there must be a new trial.

*Judgment reversed.*

*Verdict set aside.*

*Richard Zorza,* Committee for Public Counsel Services, for the defendant.

*Laura Callahan,* Assistant District Attorney, for the Commonwealth.