Lauriat, J.
BACKGROUND
After a four-day jury trial, the defendant, Manual Troncoso (“Troncoso”), was convicted on June 3, 1991 on two indictments alleging trafficking in cocaine over 100 and 14 grams respectively. On June 27, 1991, Troncoso was sentenced by the court (Lauriat, J.) to concurrent prison terms of ten years to ten years and a day on one indictment, and three years to three years and a day on the other indictment. Troncoso thereafter filed a notice of appeal of his convictions.
The trial proceedings were recorded by a voice reporter on several, audiotape cassettes. On May 30, 1991, at the start of the second day of the trial, an audiotape cassette containing a portion of the recorded testimony of Stephen Tomaski (‘Tomaski”), a Federal Drug Enforcement agent called by the Commonwealth on May 29, 1991, was lost through no fault of the parties. After a brief hearing was held on the morning of May 30, 1991 concerning the missing tape, the trial continued to its conclusion. Transcripts of the balance of the trial testimony, together with testimony presented during an earlier evidentiary hearing on the defendant’s Motion To Suppress, were delivered by the reporter to the Middlesex County Clerk’s Office in September 1991, although, for some unexplained reason, they were not docketed by the Clerk’s Office as having been received until December 23, 1993.
On April 4, 1994, Troncoso filed a motion for new trial, asserting that the missing tape precluded a transcript of Tomaski’s trial testimony from being produced, and prevented his trial from being fully and adequately reviewed on appeal.[1] In response, the court ordered the parties to attempt to reconstruct the missing testimony from any and all available sources. Mass.R.App.P. 8(c). Commonwealth, v. Harris, 316 Mass. 74 (1978). Thereafter, using the court’s trial notes, as well as the trial notes and personal recollections of trial counsel for both the Commonwealth and the defendant, present counsel for the parties pre *43 pared and filed with the court on October 18, 1994, a JointProposed Reconstruction of Missing Testimony.[2] On November 3, 1994, Troncoso filed an affidavit objecting to the proposed reconstruction of the missing testimony on the ground that it did not include reference to any objections or side bar conferences that may have been made or held during Tomaski’s testimony.
On November 3, 1994, counsel for Troncoso also filed a Motion for Leave to Amend Motion for New Trial, which motion was allowed by the court. Appended to that motion was “Defendants [sic] Motion To Amend The Defendants [sic] First Motion For A New Trial” dated June 30, 1994, which Troncoso had earlier filed pro se.
DISCUSSION
“A trial judge upon motion in writing may grant a new trial at any time if it appears that justice may not have been done.” Mass.R.Crim.P. 30(b). The standard is purposely broad and the disposition of a “motion for new trial is addressed to the sound discretion of the judge.” Commonwealth v. Moore, 408 Mass. 117, 125 (1990).
In Commonwealth v. Harris, 376 Mass. 74, 79 (1978), the Supreme Judicial Court held that “the fact that the transcript [of a trial] is unavailable through no fault of the parties does not warrant a new trial unless the trial proceedings cannot be reconstructed sufficiently to present the defendant’s claims.” Instead, the court should “attempt to reconstruct the proceedings sufficiently to present any claims of the defendant,” id., using the best efforts of the court and trial counsel. “If the judge determines that the proceedings cannot be sufficiently reconstructed, he shall so certify and allow a motion for a new trial.” Id.
In the present case, the Commonwealth presented five witnesses and a number of exhibits. The defendant testified on his own behalf. The missing testimony was limited to a portion of the direct examination and the cross examination of a single, although admittedly important witness, Agent Tomaski. The court has carefully reviewed the Joint Proposed Reconstruction of Missing Testimony of Agent Tomaski, and concludes that the reconstruction more than adequately reflects the proceedings at the trial, the actual record of which has been lost. Although there is no record of any objections that may have been made or any side-bar conferences that may have been held during Tomaski’s testimony, the court concludes that the record, as reconstructed, is sufficient to allow the defendant to pursue any legal challenges he may wish to raise to that evidence. Accordingly the defendant’s new trial motions addressed to this claim are denied.[3]
The defendant’s pro-se filed motion for a new trial raises claims of ineffective assistance of counsel by reason of the missing audio tape, and of prejudice arising from the delay in prosecuting the defendant’s appeal allegedly caused by the missing audio tape. Upon consideration of both claims, this motion must also be denied. The defendant has presented no evidence to support his assertion of ineffective assistance of counsel based solely on the missing audio tape, and although the more than two-year delay in the docketing of his appeal is cause for concern, that delay does not appear to have been caused by or related to the missing audio tape.[4]
ORDER
For the forgoing reasons, the defendant’s Motion for New Trial filed April 4, 1994, is DENIED, the defendant’s Motion for New Trial filed October 18, 1994 is DENIED, and the defendant’s Amended Motion for New Trial filed November 3, 1994 is also DENIED.

On October 18, 1994, present counsel for Troncoso filed a second Motion for New Trial, which simply expanded upon the grounds asserted in his first New Trial Motion.

Although neither trial counsel for the Commonwealth nor trial counsel for Troncoso are currently counsel of record in this case, both attorneys are available and have cooperated fully in the parties’ efforts to reconstruct the record of the missing testimony of Agent Tomaski.

It should be noted that this case is distinguishable from Commonwealth v. McWhinney, 20 Mass.App.Ct. 444 (1985). In McWhinney, the Appeals Court affirmed the order of the trial court allowing the defendant’s motion for new trial on the grounds that the tapes of approximately one half of the testimony at trial had been stolen, including the entire testimony of twelve witnesses, the partial testimony of four witnesses, and the opening remarks of both the prosecutor and the defense counsel. Id. at 447. Further, in McWhinney, the defendant alleged prosecutorial misconduct as the basis of his motion for a new trial. The Court held that the nature of such a claim might depend on innuendos as well as direct statements, which would require a verbatim transcript of the missing testimony. Id. In the present case, the missing testimony is limited to a single witness and Troncoso has not alleged any claim which would necessitate a verbatim transcript of this testimony.

Counsel for Troncoso has been urged by the court to investigate further the nature and reasons for the apparent delay in docketing his appeal, and to present any issues arising from that investigation to the court by way of an appropriate motion.