Toomey, J.
After hearing, and based upon the various submissions of counsel, the docket, and other items located in the Superior Court Clerk’s files, the court will enter the following findings of fact.
FACTS
The chronology material to the issues presented by the motion is:
February 9, 1976 Defendant was indicted for kidnapping and attempted extortion.
July 26, 1977 Defendant waived his right to trial by jury.
August 5, 1977 Defendant was found guilty by the trial judge upon both indictments, and was sentenced to two concurrent five to ten year terms in state prison, concurrent with a twenty-five to forty year sentence then being served.
August 12, 1977 Defendant filed, pro se, a claim of appeal from his convictions.
August 15, 1977 Defendant filed, pro se, a claim of sentence appeal to the Appellate Division.
August 26, 1977 Defendant filed, pro se, a motion to revoke and revise sentence.
September 28, 1977 Defendant filed, pro se, a motion to appoint counsel for post-conviction purposes and a motion for free transcript for appellate purposes.
October 19, 1977 Without hearing, the trial judge denied the motion for counsel and transcript for the reasons that “privately retained [trial defense counsel] . . . has not been allowed to withdraw,” and “I consider the claim of appeal to be completely frivolous.” The judge also noted that the case had taken two weeks to try.
November 10, 1977 The trial judge allowed trial defense counsel’s motion to withdraw as counsel, but did not revisit defendant’s request for appellate counsel.
January 19, 1981 The Appellate Division of the Superior Court dismissed defendant’s sentence appeal.
April 14, 2000 Defendant filed the instant motion for new trial.
September 8, 2000 Due to the retirement of the trial judge, the Regional Administrative Judge assigned the present motion judge to determine the motion for new trial.
September 27, 2000 After hearing, the motion judge allowed so much of the motion as sought revival of the August 12, 1977, notice of appeal and directed that the appeal be processed in accordance with the Mass. Rules of Appellate Procedure as if the claim had been timely filed.
October 18, 2000 The appeal was entered by the • Trial Court Clerk in the Appeals Court.
January 25, 2001 The Appeals Court vacated the entry of the appeal and remanded the matter to the Trial Court for the reason that “the assembly [of the record] was premature, there being no transcript or reconstructed record.” The Appeals Court’s action was “without prejudice to the reentry of the appeal [should assembly be properly effected].”
February 15, 2001 The Trial Court Clerk notified present counsel for the parties that a trial transcript was not available and that any further appellate activity would need to comply with Mass.R.App.P. 8(c).
July 5, 2001 The instant motion was heard by the motion judge.
DISCUSSION
We encounter today the vexing question of the remedy, if any, for defendant’s faultless loss of his right to appellate review of his conviction. The circumstances that brought the case to this point are set forth in their entirety supra, but a number of those circumstances are of particular pertinence to the resolution of the question. That number follow:
1. Defendant’s trial was not uncontested; it extended for at least two weeks;
2. The trial judge sat jury-waived;
3. Defendant filed a timely claim of appeal;
4. When confronted with defendant’s pro se motions designed to further his efforts to obtain appellate review of the trial proceedings, the trial judge denied the motions without hearing and on the grounds that trial defense counsel still represented defendant, that counsel had “not asked for a transcript” and that “[flurthermore, I consider the claim of appeal to be completely frivolous”;
5. Before his departure, trial defense counsel informed defendant that because of the concurrency of his sentences, appeal, even if successful, would not avail defendant. Counsel did not address the *632 merits of an appeal in his communication with defendant;[1]
6. Shortly after the denials referenced in Para. 4, supra, the trial judge permitted trial defense counsel to exit the case, but omitted to reconsider the defendant’s request for successor counsel;
7. The parties have stipulated, during the hearing on the instant motion for new trial, that no transcript of trial proceedings can be produced (the court reporter’s notes having been destroyed six years after trial) and no reconstruction of the trial record can be effected (the trial judge having retired, the trial defense counsel having asserted that “the file of that case has probably been disposed of,” and the District Attorney's Office having reported that its tile no longer exists).
We are faced, then, with the fact that the Appeals Court has demanded, quite correctly, that either a transcript or a reconstructed record be produced as a precondition to appellate review of defendant’s conviction. Neither a transcript nor a reconstructed record can be produced. Accordingly, defendant’s predicament is that, through no fault of his own and contrary to his wishes expressed consistently since the time of his conviction, he cannot be afforded the appellate review to which he was, and is, entitled.
Under these circumstances, “justice may not have been done,” Mass.R.Crim.P. 30(b), and a new trial is an appropriate, and perhaps the only, way to insure that the interests of justicethe defendant’s personal interest and the Commonwealth’s institutional inter - estarerealized. See, e.g., Commonwealth v. Harris, 376 Mass. 74, 77-78 (1978).
This conclusion is compelled by the reality that defendant’s desire to test the legitimacy of his conviction is not a recent contrivance, driven, as are many these days, by the hope that records have been lost, memories have failed and the evidence has been eroded by the passage of time. Rather, defendant sought, ab initio, to subject his conviction to the appellate scrutiny to which the law entitled him. He timely filed a notice of appeal; he timely sought appellate counsel; he timely sought sentence appeal; he timely sought revocation and revision. Each effort was blocked by the trial judge.[2]
There is also the concern that “justice may not have been done” because trial defense counsel, in omitting to pursue the appeal desired by defendant, may have grounded his inaction on inappropriate considerations. As expressed in both his 1999 affidavit and his 1993 letter to defendant, trial defense counsel recollected that he regarded an appeal to be unwarranted because defendant’s sentences were concurrent with a much lengthier sentence then being served. Trial defense counsel does not appear to have included, in his calculus as to the advisability of an appeal, the substantive merit of such an appeal. His subsequent withdrawal as counsel for defendant demonstrates that, despite defendant’s patent interest in pursuing an appellate challenge to the trial proceedingsas demonstrated by the pro se claim of appeal, pro se motion for free transcript, pro se motion for the appointment of counsel, pro se motion to revoke and revise and pro se claim of sentence appealtrial defense counsel was plainly disinclined to assist defendant in obtaining the review defendant repeatedly sought. Accordingly, his post-trial advice to defendant, which focused upon the impracticality of an appeal rather than on its viability as a device to challenge the trial doings, was consistent with his indisposition to an appellate effort. At bottom, trial defense counsel, with the endorsement of the trial judge, left defendant to his own devices with respect to the pursuit of an appeal because counsel thought that the sentence structure was favorable to defendant.[3]
Although defendant has not articulated an error or errors in his trial that might have been remedied by conventional appellate review, that omission gives this Court little pause. This is not a case where defendant bears fault for not perfecting his appeal. Contrast, Commonwealth v. Pudder, 41 MassApp.Ct. 930, 931 (1966). This is not a case where reconstruction is possible. See p. 4, para. 7, supra. This is not a case where trial defense counsel or trial prosecutor or trial judge can contribute to the identification of potential appellate issues. Contrast, Commonwealth v. Sheffield, 16 Mass.App.Ct. 342, 347-49 (1983). And, to suggest as does the Commonwealth, that other counsel, who have, in the interim, represented defendant in matters litigated in foreign jurisdictions, could have jumped into the breach and revived the defendant’s appeal is both to deny the realities of the practice of criminal law on behalf of an indigent and to cloak defendant with a legal sophistication that is, on this record, wholly speculative.
Accordingly, this Court rejects the proposition that defendant’s motion for new trial is subverted by his omission to identity reversible errors infecting his trial. There are occasions when such an omission may defeat a Rule 30(b) motion, see, e.g., Commonwealth v. Kelly, Worcester Sup. Ct. Nos. 87-00664 and 8700666 (September 7, 2001), but the circumstances at bar are significantly different from Kelly and so, too, shall be the result. See, generally, Commonwealth v. McWhinney, 20 Mass.App.Ct. 444, 446-47 (1985).
CONCLUSION
For the reasons aforestated, defendant’s Motion For New Trial is ALLOWED.

 Although counsel’s 1999 affidavit asserts that counsel’s discussion with defendant occurred in “the latter part of 1997, or the early part of 1998,” other recitations in the affidavit and other documentary exhibits suggest that those dates are misprints and that the communications discouraging appeal actually took place in 1977 or 1978.

 This Court has no appellate function and does not, therefore, address whether or not the trial judge’s denial of defendant’s motions for transcript and for appellate counsel *633 was error. This Court is, however, charged by Rule 30(b) with the duty of determining whether or not “'justice may not have been done” in the preceding proceedings. In that context, the Court notes that the trial judge’s rationale for his conducho wit. that trial defense counsel had not sought post-conviction relief and that an appeal was without merltis more than a bit troubling in that the trial judge, shortly thereafter, permitted trial defense counsel to disappear and then obstructed appellate review of his own doings at the two-week bench trial by concluding that defendant was not to have a transcript because his proposed appellate claims were “frivolous.” There is, at the least, the appearance of a self-serving animus in such rulings.

 There is, of course, nothing wrong with counsel assessing the merits of an appeal and concluding that the likelihood of success on the appeal is so de minimus and the sentence structure so favorable that little would be gained by pressing an appeal. At bar, however, there is no evidence that counsel assessed the merits of an appeal. In fact, his writings reflect his purposeful decision to eschew such a perspective.