JOHNSON, Judge.
The State has filed a motion to dismiss this appeal pursuant to Rule 3.9(a), Florida Appellate Rules, 31 F.S.A., for failure of the appellant to file his brief within the period required by Florida Appellate Rule 6.11(b).
It appears from the transcript of the record filed with this court that notice' of appeal was filed by the appellant on January 7, 1966, appealing from the judgment of the court entered on December 3, 1965, hence timely, and, apparently at the same time filed his affidavit of insolvency and request to be permitted to proceed with his appeal as a pauper. Also, at that time was filed with the Clerk of the trial court a request for the records needed to perfect his appeal. Two of the items requested were: (1) transcript and official notes of any and all hearings taken by the court reporter, and (2) any and all evidence on record. This has not been done by the Clerk of the lower court. In fact, based on the Clerk’s certificate, there is no written report of the testimony or evidence. On December 19, 1966, eleven or twelve months after the request for the transcript of the official notes of the court reporter was made, the appellant filed with this court a notice to vacate and set aside the judgment of conviction. This motion set out the same fact mentioned supra, that he had been trying to get a transcript of the testimony so that he could file his brief in his appeal. This motion was denied by this court, without prejudice, by administrative order of February 6, 1967.
On February 8, 1967, the State filed its motion to dismiss on the ground no brief had been filed. This motion points out that the transcript of record was filed about November 2, 1966, but fails to point out that the transcript of record does not contain a transcript of the testimony as requested by the defendant-appellant approximately g year ago. Nothing is shown in the record of this cause as to why the Clerk has failed to meet the request of the defendant as to what to include in the record on appeal, but it was brought out in oral argument of the State on the motion to dismiss, that the court reporter had died after the trial but before transcribing his or her notes of the testimony. In view of this state of facts, we must hold that at this stage of these proceedings, the Clerk of the Circuit Court, having failed to provide the appellant with a transcript of the testimony, as required by the rules and law, the appellant cannot be penalized for failure to comply with a rule which is necessarily dependent upon another rule which has not been complied with by an agency of the State. The motion to dismiss is therefore denied, without prejudice to be renewed if the directions hereinafter given are not complied with by the appellant where applicable to him.
The appellant has cited in his motion filed December 19, 1966, a decision of the United States Supreme Court in Chessman v. Teets, 354 U.S. 156, 77 S.Ct. 1127, 1 L.Ed. 2d 1253, decided June 10, 1957, wherein Chessman was convicted and had the death sentence imposed upon him in the state court of California. The court reporter at the trial died before completing a transcript of his notes of the testimony. A substitute reporter later transcribed the remainder of the notes, and was aided therein by discussions with some officers who had testified and with the state attorney and court as to what they remembered. The defendant was not represented in this portion of the proceedings either in person or by counsel. A transcript of the testimony as so prepared, was submitted to the defendant for approval or correction, and the defendant submitted some 80 suggested errors or omissions, a goodly portion of which were accepted by the trial court and the corrections made in the transcript. Some of the suggestions were so general the court refused them. On petition for habeas corpus, based on the primary question that the defendant was not present nor represented during the construction of the transcript *451 of testimony, and charging fraud in its preparation, after the lower and district courts had denied relief, the United States Supreme Court said: “All we hold is that consistently with procedural due process, California’s affirmance [by the State Court] of petitioner’s conviction upon a seriously disputed record, whose accuracy petitioner has had no voice in determining, cannot be allowed to stand.” The court further said in footnote 12, “[petitioner is entitled to. have his conviction reviewed upon a record which has been settled in accordance with procedural due process.” In suggesting what should be done in the Chessman case, the court decided and directed, through the proper remanding to the lower courts, that the State Court of California be instructed to within a reasonable time take such further proceedings not inconsistent with its opinion, and failing that, that the defendant be discharged. We think it well to emphasize the importance of this question to point out that in California, in a civil case, if the court reporter dies before his transcription and certification is made, the trial court is given the discretionary power to set aside the judgment and order a new trial. No such provision was made however, as to criminal cases.
In view of the' increased activity of our Federal courts into the criminal trials in State courts, we are here probably being overly cautious, in denying the State’s motion to dismiss and remanding, sua -sponte, said cause to the trial court with the following directions: the trial court should within a reasonable time appoint an attorney to represent the defendant in the ■preparation and settlement of a transcript ■of the testimony and trial proceeding contained in the court reporter’s notes. That ■such record be submitted to the defendant for his approval, suggested changes and/or additions. That if such a record cannot be ■constructed with reasonable accuracy, that the judgment and sentence be set aside and a new trial granted. A public defender having represented the defendant -at the trial, such attorney would, if available, appear to be the most logical attorney to be appointed by the court for this purpose. We do not feel that the approval of the defendant as to such appointment is essential, neither do we bar the defendant from employing and having his own counsel participate in said proceeding instead of the court appointed attorney. We wish to point out that this decision applies only to the specific set of facts as contained in this case. If the defendant has an attorney at the trial, we think a stipulation of counsel, as to the facts should be entered into and approved by the trial court thereby giving such approved transcript the sanctity of the original as if prepared by the reporter.
Remanded with instructions.
WIGGINTON, Acting C. J., and SPEC-TOR, J., concur.