267 So.2d 836 (1972)
Elbert Quinton YANCEY, Appellant,
v.
STATE of Florida, Appellee.
No. 70-638.
District Court of Appeal of Florida, Fourth District.
August 8, 1972.
Supplemental Opinion October 4, 1972.
Barry R. Nager, Orlando, Walter N. Colbath, Jr., Public Defender, and Charles W. Musgrove, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Andrew I. Friedrich, Asst. Atty. Gen., West Palm Beach, for appellee.
WALDEN, Judge.
Defendant was convicted of robbery and appeals.
Defendant defended at trial on the grounds of insanity.
By his points on appeal, defendant charges that the trial court failed to instruct on the elements of insanity and, secondly, complains about the failure of the state to provide a complete transcript of the trial proceedings.
The transcript of the instructions given to the jury is not available due to the death of the court reporter and disappearance of his notes. It is further suggested that, even if they should be found, same would be indecipherable due to the reporter's unique style.
The defendant has proceeded in timely fashion and has not contributed to the state's inability to furnish a complete transcript.
Defendant is entitled to a full transcript, including the jury charge. Hardy v. United States, 1964, 375 U.S. 277, 84 S.Ct. 424, 11 L.Ed.2d 331; United States v. Atilus, 5th Cir.1970, 425 F.2d 816.
While there is an indication that some effort has been heretofore made to obtain a substitute, agreed or reconstructed record, the effort was not conclusive as we view it. See Rule 6.9(d) and 6.7(f), Florida Appellate Rules, 32 F.S.A., and Thomas v. State, Fla.App. 1964, 160 So.2d 119.
We feel thatt he ends of justice will be served by a relinquishment of our jurisdiction to the trial court for a period of 30 days with instructions. We respectfully *837 instruct that a determined effort be made by counsel and court to reconstruct the jury charges actually given, same to be accomplished within the limits of reasonable accuracy. Bennett v. State, Fla.App. 1967, 196 So.2d 449.
On or before the expiration of 30 days we instruct that said reconstructed record be filed with the Clerk of this Court. If said reconstructed record cannot be furnished, we ask that a certificate to that effect be filed within the same period. In the latter event it will be our expectation to reverse the defendant's conviction and remand for a new trial. Simmons v. State, Fla.App. 1967, 200 So.2d 619, and Bennett v. State, Fla.App. 1967, 196 So.2d 449.
It is so ordered.
OWEN, J., and BEASLEY, THOMAS D., Associate Judge, concur.

SUPPLEMENTAL OPINION
PER CURIAM.
Pursuant to our opinion in this case, the trial judge has certified to us the following:
"CERTIFICATE
The undersigned trial judge hereby certifies that due to the death of the court reporter and the death of the defense attorney representing the above named Defendant at time of trial, an accurate reconstructed record cannot be furnished as requested by Order of the entitled Court.
 /s/ Warren H. Edwards, Judge."
In light of this, the judgment here appealed is reversed and the cause remanded for a new trial.
Reversed and remanded.
WALDEN and OWEN, JJ., and BEASLEY, THOMAS D., Associate Judge, concur.