COMMONWEALTH *vs.* RAYMOND HARRIS.

Suffolk. May 4, 1978. — July 24, 1978.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, LIACOS, & ABRAMS, JJ.

*Practice, Criminal*, Appeal, Transcript of evidence.

The provisions of G. L. c. 278, §§ 33A-33H, did not automatically require a new trial of a criminal case where the transcript was unavailable for purposes of appeal through no fault of either of the parties. [76–77]

Where a transcript of a criminal case is not available for purposes of appeal through no fault of the parties, a new trial is not constitutionally required if the proceedings at trial can be sufficiently reconstructed and presented to the appellate court. [77–78]

Where a transcript of a criminal case is not available for purposes of appeal through no fault of the parties, but there exists no compelling reason why reconstruction would not be feasible, an attempt to reconstruct the events at trial must be made. [78–80]

INDICTMENTS found and returned in the Superior Court on April 9, 1976.

---

The cases were tried before *Adams*, J., and a question of law respecting a motion for a new trial was reported by him to the Appeals Court. The Supreme Judicial Court, on its own initiative, ordered direct review.

*Scott E. Shteir* for the defendant.

*Paul A. Mishkin*, Special Assistant District Attorney, for the Commonwealth.

ABRAMS, J. After a jury trial the defendant, Raymond Harris, was convicted of unlawful possession of heroin with intent to distribute and unlawful possession of marihuana with intent to distribute. He timely filed a claim of appeal, and the Superior Court judge ordered the preparation of four copies of the transcript. On learning that all the stenographic notes of the trial, with the exception of the charge to the jury, had been stolen from the court reporter's car,[1] Harris filed a motion for a new trial. Following a hearing on this motion, the judge took the matter under advisement. Without determining the issue, the judge reserved and reported the case to the Appeals Court. We transferred the case on our own motion. The sole issue before us is whether, when a major portion of the stenographic notes of a trial is unavailable through no fault of either party, a new trial is automatically required. We conclude that a new trial is not necessarily mandated in such circumstances.

The defendant's appeal is subject to G. L. c. 278, §§ 33A-33H.[2] Section 33A, as amended through St. 1974, c. 540,

---

[1] Although we find no fault on the part of the stenographer involved in this case, we wish to emphasize that every precaution should be taken to safeguard stenographic notes and any transcription already made.

[2] Prior to the commencement of the trial, Harris filed a motion to have the trial subject to G. L. c. 278, §§ 33A-33H. The Superior Court judge reserved action on this motion, and the trial began without any final disposition of the motion. The judge then treated the motion as a request within twenty days after the verdict to have the trial subject to G. L. c. 278, §§ 33A-33H. See G. L. c. 278, § 31. Such a request after a verdict mandates that the appeal be governed by §§ 33A-33H. The judge advised both parties in open court of his treatment of the defend-

§ 2, provides in part: "[A]t the request of either party as provided in section thirty-one, upon an indictment or complaint for any . . . felony [other than murder or manslaughter], and a misdemeanor tried with such felony governed by this and the seven following sections, the evidence taken . . . [by a stenographer] shall be transcribed in such number of copies as the court may direct. . . . The evidence thus transcribed shall be designated as the 'Transcript of the Evidence', shall be certified by the stenographer, and shall . . . be regarded as a true record of the evidence." General Laws c. 278, § 31, as amended through St. 1974, c. 540, § 1, provides: "[E]xceptions, alleged in any proceedings or trial . . . on request of either party made within twenty days after verdict . . . upon an indictment or complaint for any . . . felony [other than murder or manslaughter] or misdemeanor tried with such felony, shall be governed by sections thirty-three A to thirty-three H, inclusive, and no bill of exceptions shall be entered or considered in the appeals court or in the supreme judicial court in any such proceedings or trial or motion for a new trial." The defendant contends that these statutes require that his appeal be taken on the basis of a transcript and preclude the use of alternative means of presenting an appeal. He therefore argues that the statutes mandate a new trial when the transcript is unavailable.

Concededly, under § 33A, Harris is entitled to have a transcript for his appeal. However, both this section and § 31, which provides that a bill of exceptions may not be considered in cases in which a defendant is entitled to have a transcript for his appeal, contemplate the present availability of a transcript. These statutory provisions are silent concerning the appropriate action to be taken in the event that a transcript is unavailable and do not automatically require a new trial when literal compli-

ant's motion, and the Commonwealth apparently did not object to such treatment.

ance with their provisions is impossible through no fault of either of the parties. See *People* v. *Chessman*, 35 Cal. 2d 455, 460, cert. denied, 340 U.S. 840 (1950).

The defendant next contends that, if he is required to appeal without a transcript, he will be denied his rights to meaningful appellate review and to the effective assistance of counsel. However, when a transcript of the evidence is not available, "rough accommodations" in the method in which an appeal is presented are constitutionally permissible. *Norvell* v. *Illinois*, 373 U.S. 420 (1963). See *Pisani* v. *Warden*, 289 F. Supp. 232 (1968). And alternative methods of reporting the trial proceedings, such as a statement of agreed facts, a bill of exceptions, or a narrative statement based on the judge's notes, are constitutionally adequate if they bring before the appellate court an account of the events sufficient to allow it to evaluate the defendant's contentions. *Britt* v. *North Carolina*, 404 U.S. 226 (1971). *Mayer* v. *Chicago*, 404 U.S. 189, 194-195 (1971). *Draper* v. *Washington*, 372 U.S. 487, 495-496 (1963). *Griffin* v. *Illinois*, 351 U.S. 12, 20 (1956). Thus, if the proceedings at trial can be sufficiently reconstructed and presented to the appellate court, a new trial is not constitutionally required when the transcript is not available through no fault of the parties. See *Britt* v. *North Carolina, supra.* See also *State* v. *Hart*, 110 Ariz. 55 (1973); *Yancey* v. *State*, 267 So. 2d 836 (Fla. Dist. Ct. App. 1972); *State* v. *Jefferson*, 204 Kan. 50 (1969); *State* v. *Moore*, 87 N.M. 412 (1975); *People* v. *Glass*, 43 N.Y.2d 283 (1977); *People* v. *Rivera*, 39 N.Y.2d 519 (1976); *State* v. *Neely*, 21 N.C. App. 439 (1974).

Moreover, the refusal to grant a new trial automatically when the transcript is unavailable is consonant with the approach adopted in our own decisions involving transcripts. Our cases have stressed the importance of a transcript in preparing for and reviewing an appeal, see *Blazo* v. *Superior Court*, 366 Mass. 141, 149 (1974); *Commonwealth* v. *Shea*, 356 Mass. 358, 361 (1969), and we hold today, see *Charpentier* v. *Commonwealth, post* 80

(1978), that in a case subject to G. L. c. 278, §§ 33A-33H, an indigent is entitled to a complete, rather than a partial, transcript when that transcript is available. However, we have not automatically granted a new trial simply because the transcript was not available.[3] Rather, when portions of a transcript were unavailable, we reviewed the evidence to determine whether the portions of the transcript which were available were sufficient to evaluate the defendant's contentions, see *Commonwealth* v. *Kudish*, 362 Mass. 627, 632 (1972), and, when the whole transcript was unavailable, we reviewed the defendant's claims on the basis of a reconstructed record, see *Commonwealth* v. *Nolin*, 373 Mass. 45 (1977). We now explicitly decide that the fact that the transcript is unavailable through no fault of the parties does not warrant a new trial unless the trial proceedings cannot be reconstructed sufficiently to present the defendant's claims. Such a resolution of the unavailability problem provides a proper accommodation between the right of the defendant to a meaningful appeal and the right of the Commonwealth to rely on the jury verdict until such time as that verdict might be found to be tainted by legal error.

The defendant argues further that reconstruction of the events at trial is impossible. However, no attempt has been made to reconstruct the proceedings, and the defendant has not presented any facts which would demonstrate that such an attempt would have no hope of success. See *People* v. *Glass*, 43 N.Y.2d 283 (1977). Cf. *People* v. *Rivera*, 39 N.Y.2d 519 (1976). The trial occurred only one and one-half years ago. We are informed that the trial judge, defense counsel, the prosecutor, and all the major witnesses are presently available to assist in recon-

---

[3] The only case cited to us in which a new trial was granted solely because the transcript was not available is *Brooks* v. *National Shawmut Bank*, 323 Mass. 677 (1949). This case, however, has in effect been overruled by Mass. R. A. P. 8 (c), 365 Mass. 849 (1974), which provides that, when a transcript is unavailable, the appellant may prepare a statement of the evidence from the best available means.

structing the record. The exhibits introduced at trial are available. The Commonwealth has in its files a list of witnesses, a summary of the prosecutor's closing argument, and a summary of the testimony. Defense counsel's files may contain additional evidence. Where, as here, there exists no compelling reason why reconstruction would not be feasible, an attempt to reconstruct the events at trial must be made. See *State* v. *Hart*, 110 Ariz. 55 (1973); *Yancey* v. *State*, 267 So. 2d 836 (Fla. Dist. Ct. App. 1972); *State* v. *Jefferson*, 204 Kan. 50 (1969); *State* v. *Moore*, 87 N.M. 412 (1975); *Whetton* v. *Turner*, 28 Utah 2d 47 (1972), cert. denied, 414 U.S. 862 (1973).

Therefore a hearing should be held in the Superior Court to attempt to reconstruct the proceedings sufficiently to present any claims of the defendant. At this hearing all evidence and testimony relevant to reconstructing the events at trial should be received. All those with such relevant evidence, but particularly the attorneys involved at the trial, are under an affirmative duty to use their best efforts to ensure that a sufficient reconstruction is made if at all possible.

If the events at trial can be sufficiently reconstructed, a bill of exceptions should be developed from this record and used as the basis of any appeal which the defendant wishes to pursue.[4] If the judge determines that the proceedings cannot be sufficiently reconstructed, he shall so certify and allow the motion for a new trial. If the events at trial cannot be completely reconstructed, the judge should determine whether the reconstructed record is

---

[4] Citing *Commonwealth* v. *Riggins*, 366 Mass. 81, 83 n.2 (1974), and *Allen, petitioner*, 255 Mass 227 (1926), the defendant contends that he is now foreclosed from filing a bill of exceptions because the time limit within which to file such a bill has passed, see G. L. c. 278, § 31, and because the trial judge has no authority to revive a defendant's right to file a bill of exceptions. However, since it was unclear before today's decision whether the proper course of action was the filing of a bill of exceptions, the time limitation of G. L. c. 278, § 31, is inapplicable and the defendant will not be prevented from subsequently filing a bill of exceptions.

adequate to present any errors alleged by the defendant. When a transcript is unavailable and a full record thus cannot be obtained, allowing review on the basis of the portions of the record dealing with the defendant's claims provides adequate appellate review for the defendant. See *Commonwealth* v. *Kudish,* 362 Mass. 627, 632 (1972); *Draper* v. *Washington,* 372 U.S. 487, 495-496 (1963); *People* v. *Glass,* 43 N.Y.2d 283 (1977); *People* v. *Rivera,* 39 N.Y.2d 519 (1976). Cf. *Charpentier* v. *Commonwealth, post* 80 (1978).

The case is remanded to the Superior Court for proceedings in accordance with this opinion.

*So ordered.*