COMMONWEALTH *vs.* BENJAMIN REID. August 16, 1979. The defendant appeals (G. L. c. 278 §§ 33A-33G) from the denial of his motion for a new trial. On January 12, 1971, the defendant pleaded guilty to four indictments and was sentenced to terms of imprisonment. On June 9, 1977, he filed a motion for a new trial seeking to set aside the guilty pleas on the ground that the record failed to show that they had been knowingly made and that the trial judge had failed to make a sufficient inquiry of the defendant as required by *Boykin* v. *Alabama*, 395 U.S. 238 (1969). See *Commonwealth* v. *Morrow*, 363 Mass. 601, 603-605 (1973). As the trial judge was deceased when the motion for a new trial was filed, the motion was heard by another judge, who made careful and detailed findings. He found that the stenographic notes taken at the 1971 hearing had been lost in 1976[1] and heard testimony from three witnesses: the stenographer who had been present at the 1971 hearing, the defendant's trial counsel, and the defendant himself. Both the stenographer and the attorney (an experienced criminal lawyer) testified that the attorney read to the defendant a series of questions; the attorney further testified that he read the questions contained in Smith, Criminal Practice and Procedure § 453 (1970), and that this was his usual practice. See Leach & Liacos, Massachusetts

---

[1] As the defendant waited for more than six years from the date the notes were taken before filing his motion for a new trial, he risked the possiblity that the notes would have been destroyed, in any event. S.J.C. Rule 3:08 (1967).

Evidence 304-305 (1967). The defendant could recall only that he had been asked his name at the hearing. Also introduced at the hearing on the motion was a document, signed by the trial judge, entitled "Finding on a Plea of Guilty."[2] There was no error in the denial of the motion. Sufficient evidence was introduced through the testimony of the stenographer and the trial attorney for the judge to rule as he did that the Commonwealth had satisfied its burden of showing voluntary and knowing pleas of guilty and an adequate inquiry by the court. Because the stenographic notes were unavailable — through no fault of the parties — the record of the 1971 proceedings had to be reconstructed from the best available sources. *Commonwealth* v. *Foster*, 368 Mass. 100, 108 n.6 (1975). See *Commonwealth* v. *Harris*, 376 Mass. 74, 77-80 (1978). The judge could properly have found from the reconstructed record made at the evidentiary hearing that all of the questions in the Smith book were asked and answered (no contention is made that the questions themselves are constitutionally inadequate). While it might have been preferable for the trial judge to have asked the questions himself, he was not required to do so. *Commonwealth* v. *Morrow*, 363 Mass. at 605.

*Order denying motion for*
*new trial affirmed.*

*Alice L. Litter* for the defendant.

*Dianne M. Dillon*, Assistant District Attorney, for the Commonwealth.

---

[2] The document stated: "In open court this defendant was examined under oath and stated he understood the charges against him and the pleas of guilty were made freely and voluntarily, and I so find."

