COMMONWEALTH *vs.* KEITH D. PUDDER. No. 95-P-1028. December 4, 1996. *Practice, Criminal,* Transcript of hearing, New trial.

The defendant appeals from the denial of a motion for a new trial. His motion was based on the unavailability of a transcript to perfect an appeal from his convictions by a jury in the Quincy Division of the District Court Department on November 25, 1991, of operating a motor vehicle while under the influence of intoxicating liquor, operating a motor vehicle negligently so as to endanger the public, and operating a motor vehicle without a license. The motion judge, who was also the trial judge, denied the motion on the ground that even though the cassette tape which contained the recording of the defendant's trial had been destroyed, he was not convinced that the record could not be reconstructed for purposes of the defendant's appeal. We affirm.

We summarize the proceedings below. On November 27, 1991, the defendant filed a notice of appeal from his convictions. Simultaneously therewith, his trial counsel filed a motion to withdraw as counsel. He did not, however, order a copy of the cassette containing the recording of the

---

defendant's trial at that time. On December 12, 1991, defendant's trial counsel sent a notice to the Committee for Public Counsel Services (committee) informing the committee that he had obtained a stay of the defendant's sentence pending appeal and that he had been allowed to withdraw pending an appearance by an attorney from the committee. Between December 12, 1991, and October, 1993, the defendant telephoned the committee to find out who was handling his appeal. For some inexplicable reason, an attorney from the committee did not file an appearance for the defendant until April 25, 1994. On October 26, 1994, the clerk of the trial court advised defense counsel that the cassette containing the recording of the defendant's trial had been destroyed in 1993, some two years after his trial. As a result, defendant's counsel filed a motion for a new trial, or in the alternative, a motion to dismiss the charges against the defendant. A hearing was held on the motion before the same judge who had conducted the defendant's trial. The thrust of the defendant's argument at the hearing was that since the tape had been destroyed, a transcript was unavailable to perfect the defendant's claim on appeal that the judge had in his final charge to the jury omitted an instruction on the presumption of innocence. The judge denied the motion on the ground that he believed the record could be reconstructed.

It is not disputed that a defendant may be entitled to a new trial due to a missing transcript where the transcript is unavailable through no fault of the parties and cannot be reconstructed. *Commonwealth* v. *Harris*, 376 Mass. 74, 75, 77-78 (1978). Here, however, the defendant was not without fault in pursuing his appeal. Under Massachusetts Rules of Appellate Procedure, "[i]f the appellant deems all or part of the electronic recording necessary for inclusion in the record, the appellant shall, simultaneously with filing a notice of appeal, order from the clerk of the lower court . . . a cassette copy of the electronic recording." Mass.R.A.P. 8(b)(3)(ii), 388 Mass. 1107 (1983). The defendant concedes that the cassette was not ordered until 1994, when new counsel filed an appearance for him. Until then, the defendant's trial counsel remained responsible for the prosecution of the defendant's appeal and should have ordered the cassette for the preparation of the transcript upon filing the notice of appeal. Further, the defendant himself could have taken more vigorous steps to insure that his appeal was being pursued diligently. In the circumstances presented, we conclude that the defendant is not without fault for the lack of a transcript and, therefore, is not entitled to a new trial. See *Commonwealth* v. *Harris*, 376 Mass. at 76-77; *Commonwealth* v. *Sheffield*, 16 Mass. App. Ct. 342, 348 (1983).

In addition, when a stenographic record is unavailable, the Supreme Judicial Court has sanctioned other methods by which the record may be reconstructed and still meet constitutional standards. *Commonwealth* v. *Harris*, 376 Mass. at 77. *Commonwealth* v. *Quinones*, 414 Mass. 423, 432 (1993). Here, the defendant made no attempt to reconstruct the record from other sources before seeking a new trial. As a result, the judge concluded that an attempt to reconstruct the record should first be made before a motion for a new trial is granted. In particular, the judge at the hearing on the motion stated on more than one occasion that he could reconstruct what he had said regarding his charge to the jury because he "never said anything different to any juror certainly on that issue of the

presumption of innocence." Compare *Commonwealth* v. *Quinones*, 414 Mass. at 432 (judge's reliance on customary practice in taking guilty pleas sufficient to reconstruct record of a plea colloquy). While we need not decide whether the judge's reliance on his customary practice would suffice to reconstruct his charge because of the result we reach in this case, we observe that the judge was correct in concluding that an attempt to reconstruct the record should have been made before ruling on a motion for a new trial. The course to follow when a transcript is unavailable through no fault of the parties and no compelling reason exists as to why the reconstruction is not feasible is the holding of a hearing in the trial court to reconstruct the record. Only after a judge's determination that the record cannot be sufficiently reconstructed, or is not adequate to present the issue to be raised on appeal, should a judge allow a motion for a new trial. *Commonwealth* v. *Harris*, 376 Mass. at 79. *Commonwealth* v. *Sheffield*, 16 Mass. App. Ct. at 348.

In sum, the judge's denial of the motion for a new trial is affirmed.

*So ordered.*

*Norma J. Brettell* for the defendant.

*Sheri Pizzi (Frances M. Burns*, Special Assistant District Attorney, with her) for the Commonwealth.