Welch, J.
On May 30, 1996, after a two-day trial, the defendant was convicted of rape. Around August 13, 1996, the official court reporter who was in the process of preparing a transcript of this trial, discovered that the vast majority of her stenographic notes and tape recordings of the trial had disappeared. See Affidavit of Ann Marie Green, dated October 8, 1996. On or about August 15, 1996, the trial judge and the supervisor of defendant’s counsel (defendant’s counsel being on maternity leave) were notified of this regrettable situation. The only stenographic record that remains were hearings on various pre-trial motions and the majority of the jury selection. The rest of the trial transcript has been lost due to no fault of the Commonwealth or the defendant.
In September 1996, an initial hearing was held in regards to this matter. At that time, pursuant to the decision of Commonwealth v. Harris, 376 Mass. 74, the Court began to determine if “rough accommodations” could be made to determine if a sufficient record could be constructed to allow an appellate court to adequately evaluate the defendant’s contentions. The court requested counsel to assist in reconstructing any trial notes that existed. The trial judge reviewed his extensive written charge and redictated the juiy charge provided in this case. Due to the fact that the juiy charge was the standard jury charge that this trial judge traditionally gives, together with extra written inserts that the trial judge prepared with the charge, the trial judge is very satisfied that this represents a nearly identical charge to that actually given to the jury. The trial judge also dictated his trial notes and sent them to counsel for review. In addition, the trial judge reviewed various pre-trial and trial motions in the file and annotated his actions as to those motions. Finally, the trial judge recreated the curative instruction that he gave to the jury on the first day of trial when one witness impermissibly (and spontaneously) indicated that the defendant had previously been incarcerated.
Due to the maternity leave of the defendant’s counsel, a further hearing on this matter was delayed until November of 1996. At that time, counsel for the defendant and the Commonwealth provided their extensive trial notes in typewritten form. The defendant, at that hearing, requested new counsel. The request was granted and trial counsel’s motion to withdraw was accepted. A further hearing on this matter, pursuant *357 to the Commonwealth v. Chatham decision, 10 Mass.App.Ct. 228 (1980), was held on January 17, 1997. Again, the defendant was present and a hearing was held regarding the adequacy of the reconstructed record and whether any further supplementation to that record was possible. At that time, defendant’s new appellate counsel provided “articulable claims” which might be pursued upon appeal “with reference to which the reconstruction can be judged.” Commonwealth v. Chatham, 10 Mass.App.Ct. at 232. These were incorporated in a pleading captioned Supplemental Affidavit in Support of Defendant’s Motion for New Trial.
After considering the motion for new trial and the various affidavits in support of that motion and carefully reviewing the reconstructed record in this case, I conclude that there is an adequate record from which the defendant may meaningfully appeal. When one combines the judge’s trial notes with the extensive trial notes of defense counsel and the prosecutor, one is left with a detailed description of the evidence. I have reviewed all these detailed notes and I find them •accurate. Although, as defendant’s appellate counsel points out, there is no specific notation of what questions were objected to when this evidence was elicited, that is not a fatal defect in the record. As can be seen from the nature of this trial, this was not a trial that involved novel evidentiary issues. Indeed, other than fresh complaint issues, there were very few substantive objections during witness testimony.
The record also appears adequate in that it preserves the defendant’s rights on any “fresh complaint” issues. The fresh complaint witnesses are apparent. There is no dispute that the judge gave a standard fresh complaint instruction at the conclusion of the direct testimony of each fresh complaint witness. That instruction is mirrored in the reconstructed juiy charge. The defendant requested a somewhat different fresh complaint instruction. This has been preserved by written motion which is in the file. The defendant’s requested instruction is somewhat different in form, but not in substance from that given by the Court.
Any issues regarding the scope of the fresh complaint testimony, i.e. whether a fresh complaint witness was filling in "gaps" not provided by the complaining witness, is adequately preserved. The primaiy issue here, as is reflected in the reconstructed trial notes of defense counsel, was that the fresh complaint witnesses used the term “rape,” whereas the complaining witness (Cynthia DeBow) only described her encounter with the defendant as being sexual intercourse without her consent. This is an issue which an appellate court can decide based on the present reconstructed records.
The victim’s improper reference to the defendant’s prior incarceration did result in a motion for a mistrial by the defendant. Again, the record is adequately preserved in this regard. The trial judge’s curative instruction was dictated while he had a good memory of this unusual circumstance. The defense counsel did not request any more extensive curative instruction. Instead, defense counsel’s argument was that no curative instruction would be adequate to cure this inappropriate reference. There was no assertion that the Commonwealth was in any way at fault for this spontaneous and unsolicited reference. In these circumstances, the present reconstructed record more than adequately preserves this important issue for the defendant upon appeal.
The record is also adequately preserved in relation to the jury charge and the requested jury instructions. Counsel for the defendant submitted extensive written requests for jury instructions. As previously mentioned, the reconstructed jury charge recreates the actual jury charge in all important respects. Although there does not presently exist a transcript of the discussion between counsel and the Court after the juiy charge was given, counsel for the defendant was more than diligent in preserving the defendant’s rights in regards to her requested juiy instructions. In this unusual circumstance, it appears that an appellate court could correctly assume that eveiy requested jury instruction which was not given in the Court’s charge to the juiy was the subject of an objection and the defendant’s rights saved for appeal. In this circumstance, the reconstructed record again appears to provide the defendant with a meaningful basis for appeal.
There is likewise no transcript of the closing arguments of either counsel. Nor are there extensive notes regarding closing arguments of either counsel. The lack of notes is understandable since both counsel were thinking on their feet at the time. It is highly unlikely, however, that there would be any issue in regards to the closing argument. As the Court well remembers, there was no objection by either counsel to the closing argument of the opposing counsel. The Court’s memoiy of the closing arguments is that (with all respect to both veiy able trial counsel) the closings were rather standard fare. Certainly they were eloquently and forcefully presented. However, they were simply a recounting of the evidence favorable to each side. The closing arguments were not extensive and focused primarily on the primary issue involved in this particular rape case: namely, was the sexual intercourse consensual or not.
After considering the subject carefully, this Court concludes that there is an adequate record for appeal. Obviously, the loss of a complete transcript is regrettable. Given the fact, however, that the trial notes are extensive, the exhibits still exist, the pre-trial and trial motions with their rulings are in the file, the trial was relatively short, the trial relatively recent, and the major issues involved in the trial are well preserved by the reconstructed record, there is not an adequate basis to allow a motion for a new trial. Therefore the defendant’s motion is denied.
*358 One final matter deserves mention. All counsel in this case have performed admirably under these difficult circumstances. Trial counsel for both the defendant and the Commonwealth sacrificed a significant amount of time to reconstruct their notes. Appellate counsel for the defendant diligently set forth the possible issues involved in an appeal. All counsel have followed the teachings of the Harris case and performed as true officers of the court.