COMMONWEALTH *vs.* JOSE GONZALES. No. 96-P-1605. October 16, 1997. *Practice, Criminal,* Assistance of counsel, Plea.

Some ten years after his pleas of guilty, the defendant claims to have been intoxicated by drink and drugs at the time he entered his plea and not to have had the assistance of counsel. Enhanced penalties under Federal law have apparently induced the defendant to seek reexamination of pleas which, at the time, produced sentences that were highly favorable to the defendant. By now, the tape recording of the plea proceedings has been disposed of in accordance with standards for the destruction of old court records. Intelligent review is, thus, greatly encumbered. Contrary to the defendant's memory that he was unassisted by counsel regarding the complaints lodged against him in the instant case, the record shows that he was represented by paid private counsel in the person of Mr. Frederick J. Connors. Whether Mr. Connors was in the courtroom when the defendant's guilty plea was accepted cannot be determined on the basis of the docket entries or anything else in the record.

Given the long delay in the defendant's attack on his guilty pleas, it is appropriate to accord the plea proceedings a presumption of regularity. *Parke* v. *Raley,* 506 U.S. 20, 30 (1992). See *Commonwealth* v. *Quinones,* 414 Mass. 423, 433 n.7 (1993); *Commonwealth* v. *Fernandez, ante* 313, 314 n.2 (1997). Put another way, the burden fell on the defendant to persuade the judge that he was without legal assistance at the time of the pleas. The District Court judge who heard the motion to withdraw the pleas of guilty and for a new trial was not required to believe the defendant's affidavit that he was not counselled at the time of his pleas and that he was not sober. The motion judge acted within his discretion in denying the motion.

*Denial of motion to withdraw pleas and for a new trial affirmed.*

*Paul J. Haley* for the defendant.
*Geraldine C. Griffin,* Assistant District Attorney, for the Commonwealth.