JOSEPH E. DRAYTON *vs.* COMMONWEALTH. January 30, 2008. *Supreme Judicial Court,* Appeal from order of single justice. *Practice, Criminal,* Appeal.

The petitioner, Joseph E. Drayton, appeals from a judgment of a single

---

justice of this court denying relief, pursuant to G. L. c. 211, § 3. Drayton sought an order requiring the Commonwealth to provide him with a free trial transcript or, if that could not be accomplished, then an order reversing and vacating his sentences and dismissing the indictments. We affirm.

Drayton was tried in 1977 on indictments charging armed assault in a dwelling with intent to commit a felony, in violation of G. L. c. 265, § 18A; armed robbery, in violation of G. L. c. 265, § 17; armed assault with intent to murder, in violation of G. L. c. 265, § 18; and assault and battery by means of a dangerous weapon, in violation of G. L. c. 265, § 15A. After a jury convicted him of all charges, he was sentenced to concurrent terms in the State prison, consecutive to a sentence for murder in the first degree that he was already serving. See *Commonwealth* v. *Drayton*, 386 Mass. 39 (1982) (affirming conviction of murder in the first degree and related offenses). Although Drayton did not file a notice of appeal in the Superior Court, he did file a "late" notice of appeal in the county court; a single justice of this court granted leave for such a filing and ordered that a copy of the transcript be prepared.

A transcript duly was prepared and, it appears, forwarded to first one and then another attorney appointed to represent Drayton on appeal. From the record before us, it does not appear that Drayton himself received a copy of that transcript. In the more than thirty years after his convictions, however, he filed three pro se motions for a free copy of the transcript, on only one of which there was court action. A Superior Court judge denied that motion without prejudice to Drayton's attempt to obtain a copy from his former counsel. Those attempts were unsuccessful, and the parties do not dispute that neither that transcript nor the court reporter's notes are available. Before the single justice, Drayton argued that he is entitled either to a transcript of the trial court proceedings or to dismissal of the indictments against him.

Relief under G. L. c. 211, § 3, is available only "in exceptional circumstances and where necessary to protect substantive rights in the absence of an alternative, effective remedy." *Votta* v. *Commonwealth*, 435 Mass. 1013, 1013 (2002), quoting *Pandey* v. *Roulston*, 419 Mass. 1010, 1011 (1995). In the circumstances presented here, where it appears the original transcript of his trial has been lost through no fault of any party, Drayton's remedy lies in the Superior Court, where he may try to reconstruct the trial proceedings in a manner that will be sufficient for him to present his claims on appeal.[1] See *Commonwealth* v. *Harris*, 376 Mass. 74, 79 (1978); *Commonwealth* v. *Pudder*, 41 Mass. App. Ct. 930 (1996). See also Mass. R. A. P. 8(e), as amended, 378 Mass. 932 (1979). While we are cognizant that the considerable period — about thirty years — that has elapsed since Drayton's trial may complicate any attempt to reconstruct the proceedings, passage of time itself does not make a hearing in

---

[1]The Commonwealth suggests that relief under G. L. c. 211, § 3, properly was denied because the defendant could have appealed from the denial of funds to obtain a "free transcript," pursuant to G. L. c. 261, § 27D. If no transcript exists and one cannot be created from the court reporter's records, G. L. c. 261, § 27D, does not provide an effective, alternative remedy. Cf. *Morales* v. *Appeals Court*, 427 Mass. 1009, 1010 (1998) ("Regardless of how the petitioner characterizes his appeal, he is seeking a free copy of his transcript, and consequently, his request is governed by G. L. c. 261, §§ 27A-27G"); *Commonwealth* v. *Lockley*, 381 Mass. 156, 159 (1980) (§ 27D "provides a detailed and professedly exclusive procedure for taking an appeal from the denial of a request for fees and costs made under § 27C").

the Superior Court, pursuant to *Commonwealth* v. *Harris, supra*, inadequate or unavailable. "At this hearing all evidence and testimony relevant to reconstructing the events at trial should be received. All those with such relevant evidence, but particularly the attorneys involved at the trial, are under an affirmative duty to use their best efforts to ensure that a sufficient reconstruction is made if at all possible." *Id.* After hearing the evidence, it is for the Superior Court judge to determine, in the first instance, whether a reconstruction is possible and adequate to present on appeal any errors alleged by Drayton or, if not, the appropriate remedy.[2] *Id.*

Because Drayton failed to demonstrate the absence of an adequate remedy alternative to G. L. c. 211, § 3, the single justice properly denied relief.

*Judgment affirmed.*

The case was submitted on briefs.

*Joeseph E. Drayton*, pro se.

*Joseph M. Ditkoff*, Assistant District Attorney, for the Commonwealth.

---

[2]In connection with the issue of reconstruction, it appears that a transcript of Drayton's murder trial still exists. The Commonwealth suggests that that transcript may contain evidence relevant to the indictments of concern here.