ORRIN WHITE *vs.* COMMONWEALTH.[1] March 1, 2010. *Supreme Judicial Court, Superintendence of inferior courts. Practice, Criminal,* Assistance of counsel, Record, Recording of proceedings.

Orrin White appeals, pro se, from a judgment of a single justice of this court denying his petition for relief pursuant to G. L. c. 211, § 3. We affirm.

In 1986, White was convicted of various offenses in the Superior Court. Although he pursued no direct appeal, he moved for a new trial on three occasions. The first such motion, filed pro se in 1987, was apparently not acted on. The other two, filed in 1993 and 1995 with different counsel for each, were denied. On a consolidated appeal from the denials of those motions, the Appeals Court affirmed. See *Commonwealth* v. *White,* 41 Mass. App. Ct. 1112 (1996). White did not file an application for further appellate review.

In 2008, White filed a petition pursuant to G. L. c. 211, § 3, in the county court. He requested that the single justice order the Superior Court to rule on his 1987 motion for a new trial; claimed ineffective assistance of trial counsel and of counsel that represented him in his second and third motions for a new trial; and requested that the single justice order the Superior Court to reconstruct the record of his trial because neither his trial counsel nor the judge obtained the services of a stenographer or ensured that the trial was tape recorded in its entirety. The single justice denied White's petition without a hearing. In so doing, the single justice neither abused his discretion nor otherwise erred. White's claims regarding ineffective assistance of trial counsel and the absence of a record of his trial were raised in his appeals to the Appeals Court; those claims did not justify exercise of this court's extraordinary superintendence power. See *Votta* v. *Police Dep't of Billerica,* 444 Mass. 1001, 1001 (2005). See also *Drayton* v. *Commonwealth,* 450 Mass. 1028, 1029-1030 (2008) (attempt to reconstruct record of trial should be pursued in trial court). As for his claims concerning the lack of a ruling on his first motion for a new trial and ineffective assistance of counsel in connection with his second and third motions for a new trial, he gives no reason why these could not adequately have been pursued in the Superior Court. See *Awad* v. *Fisher College,* 448 Mass. 1013 (2007), and cases cited; *Bates* v. *Commonwealth,* 434 Mass. 1019, 1020 (2001).

*Judgment affirmed.*

The case was submitted on briefs.

*Orrin White,* pro se.

*Zachary Hillman,* Assistant District Attorney, for the Commonwealth.