After a jury trial in the District Court, the defendant was convicted of operating a motor vehicle while under the influence of alcohol (OUI) and of negligent operation of a motor vehicle.[2] He waived his right to a jury for the bifurcated portion of his OUI, third offense trial, and was found guilty. The defendant filed a motion to reconstruct portions of the trial record, which was denied. He then filed a motion for new trial based on the denial of his motion to reconstruct the record, which was also denied. He appeals the order denying his motion for new trial, contending that the motion judge erred in ruling that gaps in the trial record did not violate the defendant's right to appeal. He also appeals from the judgments, arguing that the arresting officer's testimony was not within the scope of lay witness testimony. We affirm.
We review the motion judge's order denying the defendant's motion for new trial "only to determine whether there has been a significant error of law or other abuse of discretion." Commonwealth v. Grace, 397 Mass. 303, 307 (1986). Applying this standard we reject the defendant's argument that gaps in his trial record warranted a new trial. His argument is based on the fact that missing in the record was jury voir dire conducted at sidebar, which was indiscernible, and the subsequent offense portion of his trial. His essential argument is that those gaps in the record entitle him to a new trial because there is no way to be sure that prejudicial error did not take place during these missing portions of the record. See Mass.R.Crim.P. 30(b), as appearing in 435 Mass. 1501 (2001) (new trial may be granted "at any time if it appears that justice may not have been done").
In denying the defendant's motion for new trial, the motion judge noted that the record, despite the missing portions listed above, was sufficient to allow the defendant to pursue an appeal. "The record included all of the testimony of witnesses, the Judge's remarks and instructions, the opening statements and closing arguments of the lawyers." The motion judge further noted that the subsequent offense portion of the defendant's trial consisted solely of the submission of documents, which were available to the defendant as exhibits. Therefore, because the majority of the record was available and the defendant did not allege any specific error, the motion judge denied his motion for new trial.
We discern no abuse of discretion in the motion judge's denial of that motion. As detailed in Commonwealth v. Harris, the unavailability of a transcript can be grounds for a new trial only if "the trial proceedings cannot be reconstructed sufficiently to present the defendant's claims" (emphasis supplied). 376 Mass. 74, 78 (1978). The defendant in the present case makes no specific claims of error, rather, he simply asserts that minor gaps in the trial record may show prejudicial error.
The defendant's appeal from the judgments is based on the following testimony offered by the arresting State trooper: "In my opinion, ... he was under the influence of alcohol." The defendant relies on the Supreme Judicial Court's recent decision in Commonwealth v. Canty in asserting that this testimony entitled him to a new trial. 466 Mass. 535 (2013). His reliance is misplaced. In Canty, the arresting officer in an OUI case opined that the defendant's "ability to drive was diminished" and that the cause was due to "alcohol consumption." Id. at 539. In holding the admission of this testimony to be erroneous, the court noted that a lay witness in an OUI trial "may offer his opinion regarding a defendant's level of sobriety or intoxication but may not opine whether a defendant operated a motor vehicle while under the influence of alcohol or whether the defendant's consumption of alcohol diminished his ability to operate a motor vehicle safely." Id. at 544. Here, because the testimony was not objected to at trial, our review is to determine whether its admission created a substantial risk of a miscarriage of justice. Because here, as distinguished from Canty, there was no opinion offered as to the ultimate issue whether the defendant operated a motor vehicle while under the influence, the admission of the testimony was proper.
Judgments affirmed.
Order denying motion for new trial affirmed.

The defendant's motion for a required finding of not guilty on a charge of furnishing a false name was allowed, and he was found not responsible as to a series of civil motor vehicle infractions.