The defendant, Felipe S. Mercado, appeals from the order denying a motion to withdraw his 1996 guilty pleas to attempting to commit a crime, resisting arrest, indecent assault and battery on a person fourteen years or older, and assault and battery. We affirm.
A motion to withdraw a guilty plea, which is treated as a motion for a new trial pursuant to Mass.R.Crim.P. 30(b), as appearing in 435 Mass. 1501 (2001), may be allowed if "it appears that justice may not have been done." Commonwealth v. Scott, 467 Mass. 336, 344 (2014). We review the denial of a motion for new trial "only to determine whether there has been a significant error of law or other abuse of discretion." Commonwealth v. Grace, 397 Mass. 303, 307 (1986). We discern no abuse of discretion here in the decision by the motion judge to deny the defendant's motion.
The defendant claims that the plea judge erred when he conducted a "group colloquy," which did not enable the judge to inquire into the voluntariness of the plea or ascertain that the defendant had knowledge of the elements of the charges against him. See Commonwealth v. Correa, 43 Mass. App. Ct. 714, 719 (1997). The defendant has not provided a transcript of the plea proceedings, and it appears that no such record exists due to the passage of time since the defendant's plea proceedings. Where a defendant's delay in challenging his plea results in the destruction of the contemporaneous record of the plea proceedings, the proceedings must be accorded a "presumption of regularity." Commonwealth v. Gonzales, 43 Mass. App. Ct. 926, 926 (1997), citing Parke v. Raley, 506 U.S. 20, 30 (1992).
In 1996, the defendant tendered guilty pleas in three different cases with different docket numbers. At the hearing on his motion to withdraw his pleas, the defendant testified that he perceived the colloquy to have happened quickly and that he recalled all of the charges on all of the dockets being read at once and not individually.[2] The defendant, however, also testified that at the colloquy he was represented by counsel; counsel reviewed the "green sheet" and the rights the defendant would be waiving; he read, understood, and signed the green sheet; he agreed that the prosecutor's recitation of the facts was accurate; he understood he was pleading guilty to multiple charges that day; he pleaded guilty to all of the charges after they were read; and he told the judge he was pleading guilty because he was guilty and for no other reason. In his testimony he further acknowledged that prior to the pleas in question he had pleaded guilty to other crimes, so he was aware of the guilty plea process. The defendant testified that he chose to plead guilty because he was offered a "package deal," which would dispose of a number of charges with a relatively short sentence. Based on the foregoing, the defendant failed to provide sufficient evidence to overcome the presumption of regularity of the plea proceedings and, accordingly, the motion judge did not abuse his discretion in rejecting the defendant's claim that the "group colloquy" rendered his plea invalid.
The defendant's claim that the denial of his motion to withdraw his pleas was in error because there was newly discovered evidence that the victim recanted her allegations is also without merit. "The credibility, weight, and impact of the affidavits in support of the motion are entirely within the judge's discretion." Commonwealth v. Pingaro, 44 Mass. App. Ct. 41, 48 (1997). "Findings of fact after an evidentiary hearing on the motion will not be disturbed on appeal if supported by the record." Commonwealth v. Sharpe, 454 Mass. 135, 147 (2009).
We decline to disturb the assessment by the motion judge of the victim's assertions, made nearly twenty years after the crimes, and to which she did not testify in court. The claims made in the victim's affidavit contradicted statements made to the police by the victim and another witness on the night of the crimes, observations made by the police that night, and the physical evidence, including photographed physical injuries to the victim and her torn clothing. This conclusion is further bolstered by the defendant's testimony that during the plea colloquy he agreed that the facts recited by the prosecutor were accurate and that these facts were essentially what had occurred. As we discern no error of law or other abuse of discretion, we affirm the order denying the defendant's motion to withdraw his guilty pleas.
So ordered.
Affirmed.

In the defendant's brief he argues that adding to the confusion was the group colloquy that the plea judge held at the time. This practice was confirmed by the trial prosecutor, Attorney Donald G. Xenos, II, who regularly appeared before the plea judge, John Curran, and submitted an affidavit stating that it was Judge Curran's regular practice to first conduct a group colloquy where he would inform all defendants pleading guilty that day of the rights they would waive, and then conduct a complete plea colloquy with each individual defendant including an explanation of the rights waived, discussion of the crimes to which the defendant was pleading guilty, a factual recitation by the prosecutor, and all of the other requirements of Mass.R.Crim.P. 12, as appearing in 470 Mass. 1501 (2015). Attorney Xenos could not recall whether Judge Curran conducted such a colloquy with this particular defendant. Likewise, Attorney Michael Taylor, who regularly appeared before Judge Curran in the 1990s, testified at the motion hearing that Judge Curran regularly informed multiple defendants of their rights and then performed individual, complete colloquies with each defendant. The defendant did not testify whether such a procedure occurred during his colloquy, relying exclusively on the evidence from Attorney Xenos and Attorney Taylor.