A Superior Court jury convicted the defendant of aggravated rape (on two indictments), aggravated kidnapping, assault and battery by means of a dangerous weapon, and simple assault and battery. The convictions were affirmed on direct appeal in an unpublished memorandum and order issued pursuant to our rule 1:28. See Commonwealth v. Lacroix, 85 Mass. App. Ct. 1104 (2014). Acting pro se, the defendant filed a motion for new trial claiming errors not raised at trial or on direct appeal. The motion judge, who was also the trial judge, denied the motion after a nonevidentiary hearing, reasoning that (1) the claims lacked factual support, (2) the defendant had waived all claims but those of ineffective assistance of appellate counsel, and (2) none of the waived claims created a substantial risk of miscarriage of justice. On appeal, the defendant claims the judge abused his discretion in denying the motion. The defendant's principal contentions are that (1) he was denied his right to a fair trial due to the absence of a transcript from jury empanelment, (2) he was denied his right to be present at a pretrial conference, and (3) his trial and appellate counsel provided ineffective assistance.[2] Discerning no error or other abuse of discretion, we affirm.
Discussion. We review a judge's decision to deny a motion for a new trial "to determine whether there has been a significant error of law or other abuse of discretion." Commonwealth v. Grace, 397 Mass. 303, 307 (1986). We extend special deference to the motion judge where, as in this case, he was also the trial judge. Id.
1. The reconstructed record. Upon learning that the recording and stenographer's record of empanelment had been lost, defendant's appellate counsel moved for reconstruction of the record pursuant to Mass. R. A. P. 8 (c), as amended, 378 Mass. 932 (1979). The trial judge reconstructed the record by adopting the findings proposed by the defendant's trial counsel and the prosecutor, rather than the contradictory findings proposed by the defendant. Without further objection, the reconstruction was certified and transmitted to the Appeals Court. The content of the reconstructed record was not raised by the defendant on direct appeal. He now claims that the absence of a transcript of jury empanelment entitles him to a new trial. We disagree.
Where, as here, it is undisputed that neither party was at fault for the lost transcript and the proceedings at trial can be sufficiently reconstructed and presented to the appellate court, a new trial is not required. Commonwealth v. Harris, 376 Mass. 74, 77-78 (1978). The defendant's claim of error in empanelment "reduces to a complaint that the judge did not credit his position with respect to missing elements of the record." Commonwealth v. Flint, 81 Mass. App. Ct. 794, 803 (2012). Because the judge reasonably relied on information provided by both trial counsel, there was no error, much less a substantial risk of a miscarriage of justice.
2. The pretrial conference. We also disagree with the defendant's claim that his right to be present at all critical stages of the proceedings was violated by his absence from a pretrial conference. First, the only evidence of the defendant's failure to attend his pretrial conference was his self-serving affidavit, which the judge did not credit. See Commonwealth v. Marrero, 459 Mass. 235, 241 (2011) (judge may summarily reject claims in self-serving affidavit). Second, we are aware of no authority, and the defendant offers none, supporting the defendant's claim that a pretrial conference is a critical stage of the proceeding requiring his attendance. Rule 11 (a) of the Massachusetts Rules of Criminal Procedure, as appearing in 442 Mass. 1509 (2004), provides that the "defendant shall be available for attendance at the pretrial conference" (emphasis supplied). By contrast, the rule states that "the court shall order the prosecuting attorney and defense counsel to attend." From this language, we discern no requirement that a defendant must be present for all pretrial conferences. Finally, we agree with the Commonwealth that the defendant's speculative claim that he was deprived of the opportunity to discuss a plea agreement in which he "would plea to a short time on a non-sex offense," failed to establish prejudice. See Commonwealth v. Marinho, 464 Mass. 115, 123 (2013) (defendant bears the burden of proof on a motion for new trial).
3. Ineffective assistance of counsel. "Where a motion for a new trial is based on ineffective assistance of counsel, the defendant bears the burden of proving entitlement to a new trial by showing that the behavior of counsel fell below that of an ordinary, fallible lawyer and that such failing 'likely deprived the defendant of an otherwise available, substantial ground of defence.' " Commonwealth v. Comita, 441 Mass. 86, 90 (2004), quoting Commonwealth v. Saferian, 366 Mass. 89, 96-97 (1974). "Where defense counsel made a strategic or tactical decision that the defendant now challenges," the defendant must demonstrate that the decision was "manifestly unreasonable when made" (quotation omitted). Commonwealth v. Walker, 460 Mass. 590, 598 (2011).
We see nothing manifestly unreasonable in trial counsel's decision to pursue a defense that the victim consented to sex in exchange for drugs, where there was evidence that the victim was addicted to heroin and crack cocaine, and had admittedly acted as a prostitute in the past. While the defendant claims that trial counsel was ineffective for failing to retain an expert in cocaine-induced psychosis, any evidence that would have been offered by that expert would go solely to the victim's credibility. It is well-established that failure to impeach a witness does not constitute ineffective assistance of counsel.[3] See Commonwealth v. Lally, 473 Mass. 693, 709 (2016) ; Commonwealth v. Johnston, 467 Mass. 674, 696 (2014) ; Commonwealth v. Hudson, 446 Mass. 709, 715 (2006). Moreover, the defendant has not included an affidavit or any evidence in support of his claim that an expert would have testified that cocaine-induced psychosis would have affected the victim's ability to recall the events to which she testified. "Speculation, without more, is not a sufficient basis to establish ineffective representation." Commonwealth v. Duran, 435 Mass. 97, 103 (2001).
On our review of the record, we see no behavior by appellate counsel that falls below that expected of an ordinary, fallible lawyer. In light of our conclusions with respect to his other claims, the defendant has not shown that any alleged failings by appellate counsel "probably resulted in forfeiture of a substantial defence." Commonwealth v. Saferian, 366 Mass. at 98.
4. Remaining claims. "Other points, relied on by the defendant[ ], but not discussed in this [decision], have not been overlooked. We find nothing in them that requires discussion." Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).
Order denying motion for new trial affirmed.

At the hearing on the motion for new trial the defendant withdrew his claims regarding errors in the jury instructions on the issue of lack of consent.

In any event, trial counsel cross-examined the victim regarding her drug abuse and prior history of drug-induced psychosis.